DAVID M. FUNK
BRYAN D. BOLTON
BRYSON F. POPHAM
LINDSEY A. RADER
GARY C. HARRIGER
DEREK B. YARMIS
JEFFERSON L. BLOMQUIST
REN L. TUNDERMANN
CHARLES D. MACLEOD

†ADMITTED IN NE AND DC ONLY
††ADMITTED IN VA ONLY
†††ADMITTED IN TX ONLY

# FUNK & BOLTON
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
100 LIGHT STREET, SUITE 1000
BALTIMORE, MARYLAND 21202-1036
(410) 659-7700
FACSIMILE (410) 659-7773

Writer's Direct Dial: (410) 659-7754

JEROME D. BRESLIN†
JAMES F. TAYLOR
PETER C. ISMAY††
CYNTHIA L. McCANN
E. ELIZABETH STABER
CHERYL A. C. BROWN
TALI RAPHAELY

OF COUNSEL
MICHAEL R. McCANN
J. FRANK NAYDEN
KAY DOUGHTY PHILLIPS†††
DEBORAH R. RIVKIN
JOHN R. STIERHOFF

August 7, 2002

The Honorable William M. Nickerson                                              Hand Delivered
United States District Court
for the District of Maryland
101 West Lombard Street, Room 330
Baltimore, Maryland 21201

    Re:    *Locastro, et al. v. Paul Revere Life Insurance Company, et al.*
            Civil Action No. WMN 02-781

Dear Judge Nickerson:

    As counsel for defendants in the above-referenced matter, I am writing to address the impact of the Court's scheduling order, entered July 22, 2002, on the parties' ability to conduct efficient and meaningful discovery in light of certain pending motions.

    The plaintiffs' complaint sets forth seventeen counts that primarily concern the alleged actions of defendant, The Paul Revere Life Insurance Company, in handling a claim for disability insurance benefits submitted by plaintiff, Robert A. Locastro. Nevertheless, plaintiffs have joined as defendants The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Insurance Companies, Inc., and UnumProvident Corporation, as well as John Bianchi, M.D., Margaret M. O'Hara, Shelley A. McKiernan, and Judy LaRochelle. Defendants' pending motions seek dismissal of certain counts against The Paul Revere Life Insurance Company as well as the dismissal of all the claims against the other defendants.

    On July 22, 2002, the same date on which the scheduling order issued, the Court provided the plaintiffs with twenty days to respond to those motions. Accordingly, plaintiffs' opposition memoranda are due by August 12, 2002, and defendants' reply memoranda will be due by approximately August 23, 2002.

    Because resolution of the issues raised in the pending motions should refine substantially the matters in controversy, a significant amount of irrelevant discovery and the associated costs

**FUNK & BOLTON, P.A.**

The Honorable William M. Nickerson
August 7, 2002
Page 2

may be avoided by suspending discovery until the Court rules on those motions. Furthermore, noting that discovery is now scheduled to conclude on December 4, 2002, and allowing a reasonable time for the Court to rule on the pending motions, there likely will be no more than three months for discovery once the Court has established the parameters of this litigation.

Thus, notwithstanding my concurrence in certain issues set forth in plaintiffs' counsel's letter to the Court dated August 5, 2002, I believe that a withdrawal of the scheduling order and a deferral of the entry of a new scheduling order until the Court has resolved the issues raised in the pending motions is in the interest of justice. On the defendants' behalf, therefore, I respectfully request that the Court enter an order withdrawing the scheduling order of July 22, 2002.

Respectfully,

Bryan D. Bolton

BDB:dlh
cc:   William H. Owens, Esquire (*via* facsimile and U.S. Mail)
      Randall F. Smouse, Esquire (*via* facsimile and U.S. Mail)

20014.015: 56524.1

"APPROVED" THIS 14th DAY OF August, 2002

SENIOR UNITED STATES DISTRICT JUDGE