UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT A. LOCASTRO, D.O., *et al.*,          *

    Plaintiffs,                                 *

v.                                                       *       Civil Action No. WMN 02-781

THE PAUL REVERE LIFE INSURANCE      *
COMPANY, *et al.*,
                                                         *
    Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM IN SUPPORT OF
MOTION TO RECONSIDER AND FOR CLARIFICATION

    Co-defendants The Paul Revere Life Insurance Company ("Paul Revere"), The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Insurance Companies, Inc., and UnumProvident Corporation, pursuant to Md. Local Rule 105.1, file this memorandum in support of their motion for reconsideration and clarification of the Memorandum and Order entered by the Court on March 17, 2003.

I. ARGUMENT

    Count twelve of the Amended Complaint purports to state a claim for loss of consortium. (Am. Compl. ¶¶ 169-70.) In the memorandum in support of its motion to dismiss or, in the alternative, for summary judgment, as well as in the reply memorandum in further support of the motion, Paul Revere argued that count twelve should be dismissed because it fails to state a claim upon which relief can be granted. (Mem. of Law in Supp. of Paul Revere's Mot. to Dismiss or, in the Alternative, for Summ. J. at 23-24; Reply Mem. in Further Supp. of Paul Revere's Mot. to Dismiss or, in the Alternative, for Summ. J. at 8-9.) Specifically, Paul Revere argued, *inter alia*, that the claim must fail because plaintiffs failed

to allege that Dr. Locastro sustained a "physical injury" caused by Paul Revere's alleged wrongful conduct. (Reply Mem. in Further Supp. of Paul Revere's Mot. to Dismiss or, in the Alternative, for Summ. J. at 8-9.)

In its Memorandum and Order, the Court did not discuss or expressly rule on this issue. Given the Court's dismissal of plaintiffs' claim for intentional infliction of emotional distress (count eight) – the only claim that could conceivably have caused a "physical injury"[1] – it is now crystal clear that plaintiffs' claim for loss of consortium cannot withstand scrutiny under Rule 12(b)(6). For this reason, and the reasons stated in the memorandum in support of Paul Revere's motion to dismiss or, in the alternative, for summary judgment, and reply memorandum in further support of the motion, the Court should enter an order dismissing (i) Joan Locastro as a party plaintiff and (ii) count twelve as to all remaining defendants.

## II. CONCLUSION

For the reasons stated, the motion to reconsider and for clarification should be granted.

---

[1] Defendants do not concede that emotional distress constitutes a "physical injury" necessary to sustain a claim for loss of consortium.

Respectfully submitted,

_____
Bryan D. Bolton
Federal Bar No. 02112

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Insurance Companies, Inc., and UnumProvident Corporation

Dated:  March 18, 2003

20014.015:62759