UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT A. LOCASTRO, D.O., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-781 |
| THE PAUL REVERE LIFE INSURANCE COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPLY IN FURTHER SUPPORT OF
MOTION TO RECONSIDER AND FOR CLARIFICATION

Co-defendants The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation, pursuant to Md. Local Rule 105.1, file this reply in further support of their motion for reconsideration and clarification of the Memorandum and Order entered by the Court on March 17, 2003.

I. ARGUMENT

Plaintiffs claim that the amended complaint "in fact alleges physical injury to Dr. Locastro, namely erectile dysfunction." (Opp'n to Mot. to Reconsider and for Clarification, ¶ 2.) Notably, however, paragraph 62 of the amended complaint specifically alleges that Dr. Locastro "is frequently unable to consummate marital affairs with his wife *without suffering from erectile dysfunction* . . . ." (Am. Compl., ¶ 62; emphasis added.) Thus, based on paragraph 62, plaintiffs' alleged loss of consortium is not the result of what plaintiffs now claim is the predicate physical injury – erectile dysfunction.

Plaintiffs allege in paragraph 74 that certain medical records reference "Dr. Locastro's emotional distress as a result of the defendants' actions and his resulting erectile dysfunction." (*Id.*, ¶ 74). Plaintiffs, however, do not allege that erectile dysfunction is a physical injury or that the alleged erectile dysfunction has caused the alleged loss of consortium. In fact, the allegation in paragraph 62 that Dr. Locastro is frequently unable to consummate marital affairs with his wife "without suffering from erectile dysfunction" proves that there is no causal relationship between the alleged erectile dysfunction and the alleged loss of consortium.

Plaintiffs also claim that paragraphs 62 and 63 "identif[y] various other emotional and psychological injuries . . . ." (Opp'n to Mot. to Reconsider and for Clarification, ¶ 2.) Emotional and psychological injuries, in the absence of physical injuries, however, are not sufficient to support a claim for loss of consortium. *See Oaks v. Connors*, 339 Md. 24, 33-34, 660 A.2d 423, 428 (1995) (a claim for loss of consortium arises from injury suffered by the martial unit as a result of *physical injury* to one spouse through the tortious conduct of a third party); *see also Collins v. Willcox Inc.*, 158 Misc.2d 54, 57-58, 600 N.Y.S.2d 884, 886-87 (1992) (holding that claim for loss of consortium was insufficient as a matter of law because plaintiff did not suffer any physical injury, but only alleged emotional distress).[1]

## II.  CONCLUSION

For the reasons stated, the motion to reconsider and for clarification should be granted.

---

[1] In *Exxon Corp. v. Schoene,* 67 Md. App. 412, 423, 508 A.2d 142, 148 (1986), the Court of Special Appeals of Maryland held that a claim for loss of consortium can be predicated on a mental or emotional injury without any accompanying physical harm. That holding, however, was implicitly overruled by the Court of Appeals of Maryland in *Oaks v. Connors*, *supra*.

2

Respectfully submitted,

_____
Bryan D. Bolton
Federal Bar No. 02112
Derek B. Yarmis
Federal Bar No. 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation

Dated: April 9, 2003

20014.015:63251