RFS:rcc
4/14/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT A. LOCASTRO, D.O., et ux., | * |
| Plaintiffs | * |
| v. | * |
| THE PAUL REVERE LIFE INSURANCE COMPANY, et al., | *  Civil Action No.: WMN 02-781 |
| Defendants | * |

\* \* \* \* \* \* \* \* \*

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO
REPLY IN FURTHER SUPPORT OF MOTION TO RECONSIDER
AND FOR CLARIFICATION

Plaintiffs, Robert A. Locastro, D.O. and Joan Locastro, by their attorneys William H. Owens, Randall F. Smouse and the law offices of Owens & Smouse, LLC, hereby submit this Memorandum of Law in Support of Plaintiffs' Response to Reply in Further Support of Motion to Reconsider and for Clarification.

Argument

Defendants' opposition to Plaintiffs' loss of consortium claim is premised on an argument set forth in footnote 1 on page 2 of Defendants' Reply, wherein Defendants claim that the Maryland Court of Appeals, in <u>Oaks v Connors</u>, 339 Md. 24, 660 A.2d at 423 (1995), "implicitly overruled the prior holding of the Maryland Court of Special Appeals, set forth in <u>Exxon Corp. v Schoene</u>, 67 Md. App. 412, 508 A.2d 142 (1986), allowing a non-physical injury to support a claim for loss of consortium." A review of these two cases demonstrates

that Defendants have mischaracterized the holdings in these two cases.  In <u>Schoene</u>, Judge Karwacki, writing for the Court of Special Appeals held that "the better recent cases [from other states] are those that have held that the spouses' cause of action for loss of consortium may be predicated on a mental or emotional injury to one of them without any accompanying physical harm."  <u>Schoene</u>, 67 Md. App. at 423, 508 A.2d at 148; (referencing <u>Molien v Kaiser Foundation Hospitals</u>, 27 Cal. 3d 916, 167 Cal. Rptr., 616 P.2d 813 (Cal. 1980); <u>Roche v Egan</u>, 433 A.2d 757 (Me. 1981); <u>Garrison v Sun Printing & Publishing Ass'n</u>, 207 N.Y. 1, 100 N.E. 430 (N.Y. 1912); Annot., 16 A.L.R. 4th 537 (1982); <u>Prosser</u>, Torts, §125 (5th ed. 1984); 41 Am. Jur. 2d, <u>Husband and Wife</u>, §451 (1968)).  In <u>Schoene</u>, the Court of Special Appeals was faced with an appeal from a jury verdict in favor of plaintiff Daniel Schoene and his wife Debora Schoene based on counts of slander and loss of consortium.  On appeal Exxon raised the question of whether the Circuit Court for Baltimore County erred "by submitting the loss of consortium claim to the jury when there was no evidence of physical injury caused by the alleged slander?"

Judge Karwacki noted that this issue had not previously been decided by a Maryland appellate court.  After reviewing the cases referenced above, Judge Karwacki relied on <u>Deems v Western Maryland Ry.</u>, 247 Md. 95, 231 A.2d 514 (1967).  Relying on <u>Deems</u>, Judge Karwacki and the Maryland Court of Appeals specifically held that

> In <u>Deems</u>, Judge Oppenheimer for the Court of Appeals observed how both spouses suffer from "any resultant change of the husband's personality or ability to engage in all the intangible associations which marriage brings…." <u>Deems</u>, 247 Md. at 108-09  Judge Oppenheimer was there discussing the harm to the marital relationship that a <u>physical injury</u> can cause to one spouse's personality or ability to engage in "intangible associations which marriage brings."  We find no reason to distinguish between a "resultant change" in one of the partners to a marriage stemming from a physical injury or from an emotional

Law Offices
OWENS & SMOUSE, LLC
113 Old Padonia Road
Suite 100
Hunt Valley, Maryland 21030

2

> injury. Thus we hold that it was proper for the jury, having determined that Schoene had been slandered and that defamation had resulted in loss of consortium in his marital relationship, to award compensatory damages for that loss *even though he suffered no physical harm.*"

Schoene, 67 Md. App. at 423-425, 508 A.2d at 148 (emphasis in original.)

By contrast, Oaks involved personal physical injuries arising from a motor vehicle accident which occurred on July 5, 1989. On appeal, pursuant to grant of certiorari, the Court of Appeals was presented with the application of Maryland's cap on non-economic damages, Md. Code Ann., Cts. & Jud. Proc. §11-108, to a loss of consortium claim. At no point in Oaks, was the Court of Appeals presented with the issue decided in Schoene, namely the ability of an emotional or psychological injury to support of loss of consortium claim. Writing for the Court of Appeals, Judge Murphy likewise reviewed Deems and noted that "a claim for loss of consortium arises from the loss of society, affection, assistance, and conjugal fellowship suffered by the marital unit as a result of the physical injury to one spouse through the tortious conduct of a third party." Oaks, 339 Md. at 33-34, 660 A.2d at 428 (citing Deems, 247 Md. 95, 100, 231 A.2d 514). Judge Murphy then went on to examine the issue presented and, ultimately held that Maryland's non-economic damage cap applied to the loss of consortium award in combination with all other non-economic damages awarded on the underlying tort.

Defendants' entire argument is therefore premised on the supposition that Judge Murphy "implicitly" overruled the Schoene decision, in dicta, without ever even referencing Schoene and without ever explicitly saying that the law regarding emotional or psychological injuries in support of a loss of consortium claim was being changed.

Defendants are apparently also of the opinion that the Amended Complaint fails to allege an actual physical injury. Perplexingly, Defendants argue as follows:

3

Law Offices
OWENS & SMOUSE, LLC
113 Old Padonia Road
Suite 100
Hunt Valley, Maryland 21030

> Plaintiffs claim that the amended complaint "in fact alleges physical injury to Dr. Locastro, namely erectile dysfunction." (Opp'n to Mot. to Reconsider and for Clarification, ¶ 2.) Notably, however, paragraph 62 of the amended complaint specifically alleges that Dr. Locastro "is frequently unable to consummate marital affairs with his wife <u>without suffering from erectile dysfunction</u>…." (Am. Compl., ¶ 62; emphasis added.)  Thus, based on paragraph 62, plaintiffs' alleged loss of consortium is not the result of what plaintiffs now claim is the predicate physical injury – erectile dysfunction. [sic]

Reply, Page 1, Paragraph 2. This argument is either a flawed syllogism or is simply incomprehensible.

     For the reasons set forth above, Plaintiffs' loss of consortium claim is supported by both actual physical injuries and the emotional and psychological injuries held sufficient to support a loss of consortium claim under <u>Schoene</u>.  Accordingly, Defendants' Motion to Reconsider and for Clarification should be denied.

Respectfully submitted,

_____/s/_____
RANDALL F. SMOUSE
Federal Bar No.:  11784

_____/s/_____
WILLIAM H.  OWENS
Federal Bar No.:  06066

Owens & Smouse, LLC
113 Old Padonia Road, Suite 100
Hunt Valley, Maryland  21030
410-453-5757
Attorneys for Plaintiffs