IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
ROBERT A. LOCASTRO, D.O., et ux.   :
                                   :
     v.                            :   Civil No. WMN-02-781
                                   :
THE PAUL REVERE LIFE INSURANCE     :
     COMPANY, et al.               :
```

**MEMORANDUM & ORDER**

On March 17, 2003, this Court issued a memorandum and order granting in part, and denying in part, a motion to dismiss, or in the alternative, for summary judgment, filed by Defendant Paul Revere Life Insurance Company (Paul Revere). Paul Revere has now filed a "Motion to Reconsider and for Clarification," of that decision.  Paper No. 59. Specifically, Paul Revere asks the Court to address an argument raised in its reply memorandum that the complaint fails to state a claim for loss of consortium as Plaintiffs did not allege that Dr. Locastro suffered a "physical injury" as a result of Defendants' tortious conduct.  The Court will deny the instant motion.

The Maryland Court of Special Appeals has held that a married couple's cause of action for loss of consortium may be predicated on a mental or emotional injury to one spouse without any accompanying physical harm.  Exxon Corp. v. Schoene, 67 Md. App. 412, 423 (1986).  Elaborating on the

seminal case in Maryland discussing loss of consortium claims, Deems v. Western Maryland Ry., 247 Md. 95 (1967), the Court of Special Appeals in Schoene explained,

> In Deems, Judge Oppenheimer of the Court of Appeals observed how both spouses suffer from "any resultant change of the husband's personality or ability to engage in all the intangible associations which marriage brings." Deems, 247 Md. at 108-09. Judge Oppenheimer was there discussing the harm to the marital relationship that a physical injury can cause to one spouse's personality or ability to engage in "intangible associations which marriage brings." We find no reason to distinguish between a resultant change in one of the partners to a marriage stemming from a physical injury or from an emotional injury.

Schoene, 67 Md. App. at 423-424. Both the Fourth Circuit Court of Appeals, as well as this Court, have relied on Schoene in holding that, under Maryland law, an action for loss of consortium lies for emotional as well as physical injury. Hudnall v. Sellner, 800 F.2d 377 (4th Cir, 1986); Smallzman v. Sea Breeze, Inc., Civ. No. HAR-92-2702, 1993 WL 15904 at *9 (D. Md. Jan. 7, 1993). See also, Pahle v. Colebrookdale Tp., 227 F.Supp.2d 361 (E.D. Pa. 2002) (citing Schoene for proposition that Maryland is among the number of states that allow loss of consortium claims predicated on strictly emotional injuries to a spouse).

In support of its position, Paul Revere relies on Oaks v. Connors, 339 Md. 24 (1995), opining that Oaks "implicitly

overruled" <u>Schoene</u>. In <u>Oaks</u>, an action arising from a motor vehicle collision, the Court of Appeals addressed the issue of whether Maryland's statutory cap on non-economic damages is to be applied separately to the claim of an injured spouse and the loss of consortium claim to the marital unit. 339 Md. at 27. While the <u>Oaks</u> decision does contain language describing loss of consortium claims in terms of injuries to the marital unit that arise from physical injuries, which was the type of harm suffered by the injured spouse in <u>Oaks</u>, the distinction between emotional or physical injuries had nothing to do with the holding in that decision. This Court finds no "implicit" overruling of <u>Schoene</u> by <u>Oaks</u>, and finds the reasoning of <u>Schoene</u> still compelling.

Accordingly, IT IS this 15th day of April 2003, by the United States District Court for the District of Maryland, ORDERED:

1. That the Motion to Reconsider, or for Clarification, filed by Defendant Paul Revere Life Insurance Company, Paper No. 59, is denied; and

2. That the Clerk of the Court shall mail or transmit copies of this Memorandum and Order to all counsel of record.

/s/
_____
William M. Nickerson
Senior United States District Judge