UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT A. LOCASTRO, D.O., *et al.*,                *

      Plaintiffs,                                            *

v.                                                                    *                    Civil Action No. WMN 02-781

THE PAUL REVERE LIFE INSURANCE   *
COMPANY, *et al.*,
                                  *

      Defendants.                                          *

    *     *     *     *     *     *     *     *     *     *     *     *

PAUL REVERE LIFE INSURANCE COMPANY, PAUL REVERE
INSURANCE GROUP, PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY, PROVIDENT COMPANIES, INC., AND UNUMPROVIDENT
CORPORATION'S ANSWER TO AMENDED COMPLAINT AS AMENDED
BY AMENDMENT BY INTERLINEATION

        Co-defendants Paul Revere Life Insurance Company ("Paul Revere"), Paul

Revere Insurance Group ("Paul Revere Group"), Provident Life and Accident Insurance

Company ("Provident"), Provident Companies, Inc. ("Provident Companies") and

UnumProvident Corporation ("UnumProvident") (collectively, "Defendants"), for their answer

and negative and affirmative defenses to the amended complaint filed by Robert A. Locastro,

D.O. and Joan Locastro, as further amended by the amendment by interlineation filed on April 2,

2003, state as follows:

<u>Answer</u>

        1.      Paragraph 1 states legal conclusions as to which no answer is required.  To

the extent an answer is required, Defendants admit the allegations in paragraph 1.

        2.      Paragraph 2 states a legal conclusion as to which no answer is required.

To the extent an answer is required, Defendants deny the allegations in paragraph 2.  Defendants

further state that any letter dated January 29, 2002 from Lynda Miller to Dr. Locastro speaks for itself.

3.   Defendants deny that "Dr. Locastro was not a party to the proceeding handled by the Maryland Insurance Investigation."   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4.   Defendants admit that Paul Revere is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and that its principal offices are located in Worcester, Massachusetts.  Defendants deny that Paul Revere Group is a corporation or that it has offices anywhere.  The remaining allegations in paragraph 4 state legal conclusions as to which no answer is required.  To the extent an answer is required, the remaining allegations are denied.

5.   Defendants admit that Provident is a corporation organized and existing under the laws of the State of Tennessee.  Defendants deny that, "[i]n February 1997, Paul Revere and/or Paul Revere Group was/were absorbed into Provident and/or Provident Holding" and that "Provident Holding [is/are] [a] compan[y] organized and existing by virtue of the laws of Tennessee, having its[] principle office(s) in Chattanooga, Tennessee."  The remaining allegations in paragraph 5 state legal conclusions as to which no answer is required.  To the extent an answer is required, the remaining allegations are denied.

6.   Defendants admit that UnumProvident is a corporation organized and existing under the laws of the State of Delaware and that it has offices located in Chattanooga, Tennessee.  Defendants deny that, "[o]n or about July 1, 1999, Provident and Provident Holding merged with UNUM Corporation forming a new legal entity called UNUMProvident Corporation."  The remaining allegations in paragraph 6 state legal conclusions as to which no

answer is required.  To the extent an answer is required, the remaining allegations are denied.

7.      Dr. Bianchi was dismissed as a party and, therefore, no answer is required. To the extent an answer is required, Defendants admit that Dr. Bianchi is an individual adult and that he was employed by Paul Revere, Provident, Provident Companies and/or UnumProvident. Defendants deny that Dr. Bianchi was employed by Paul Revere Group.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Dr. Bianchi is a resident of the Commonwealth of Massachusetts.  The remaining allegations in paragraph 7 state legal conclusions as to which no answer is required.  To the extent an answer is required, the remaining allegations are denied.

8.      Margaret O'Hara was dismissed as a party and, therefore, no answer is required.  To the extent an answer is required, Defendants admit that Ms. O'Hara, disability case manager, is an individual adult and was employed by Paul Revere, Provident, Provident Companies and/or UnumProvident.  Defendants deny that Ms. O'Hara was employed by Paul Revere Group.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. O'Hara is a resident of the Commonwealth of Massachusetts. The remaining allegations in paragraph 8 state legal conclusions as to which no answer is required.  To the extent an answer is required, the remaining allegations are denied.

9.      Shelley McKiernan was dismissed as a party and, therefore, no answer is required.  To the extent an answer is required, Defendants admit that Ms. McKiernan, chief claims representative, is an individual adult and was employed by Paul Revere, Provident, Provident Companies and/or UnumProvident.  Defendants deny that Ms. McKiernan was employed by Paul Revere Group.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. McKiernan is a resident of the

Commonwealth of Massachusetts.   The remaining allegations in paragraph 9 state legal conclusions as to which no answer is required.   To the extent an answer is required, the remaining allegations are denied.

10.     Judy LaRochelle was dismissed as a party and, therefore, no answer is required.   To the extent an answer is required, Defendants admit that Ms. LaRochelle, claims consultant, is an individual adult and was employed by Paul Revere, Provident, Provident Companies and/or UnumProvident.   Defendants deny that Ms. LaRochelle was employed by Paul Revere Group.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. LaRochelle is a resident of the Commonwealth of Massachusetts.   The remaining allegations in paragraph 10 state legal conclusions as to which no answer is required.   To the extent an answer is required, the remaining allegations are denied.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Paragraph 12 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 12.

13.     Joseph Zoimen was dismissed as a party and, therefore, no answer is required.   To the extent an answer is required, Defendants admit that Mr. Zoimen is an individual adult.   Defendants deny that Mr. Zoimen had authority to act on behalf of Paul Revere, Paul Revere Insurance Group, Provident, Provident Companies or UnumProvident.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.     Denied.

15.     Defendants admit that Paul Revere issued Policy Number 0102685178

(the "Policy") to Robert A. Locastro effective August 24, 1994. Defendants further admit that the Policy is known as "The Preferred Professional." Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Dr. Locastro purchased the Policy "in reliance upon the professional advice and assistance of Zoimen, LLC and Zoimen." The remaining allegations in paragraph 15 state legal conclusions as to which no answer is required. To the extent an answer is required, the remaining allegations are denied.

16.    Paragraph 16 states a legal conclusion as to which no answer is required. To the extent an answer is required, the allegation in paragraph 16 is admitted.

17.    Defendants admit that, subject to certain terms, conditions, limitations and exclusions, Paul Revere may become obligated to pay Dr. Locastro benefits in the event he has a "Total Disability", as defined in the Policy. Defendants further admit that, subject to certain terms, conditions, limitations, and exclusions, Paul Revere may become obligated to continue paying benefits during a period of "Total Disability." The remaining allegations in paragraph 17 are denied.

18.    Denied.

19.    Defendants admit that, subject to certain terms, conditions, limitations and exclusions, the Policy provides a Waiver of Premium benefit. Defendants further admit that the Waiver of Premium benefit is set forth in Part 5, paragraph 5.1, of the Policy at page 13. The remaining allegations in paragraph 19 are denied.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.    Defendants admit that "Paul Revere did not, within two years of the issuance of the [P]olicy . . . contest any of the statements set forth in Dr. Locastro's application

for insurance." The remaining allegations in paragraph 21 are denied.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Kenneth Jackson, M.D. (certified orthopaedic surgeon) advised Dr. Locastro that he could no longer practice medicine as an anesthesiologist, putting him on medical leave as of February 12, 1999." The remaining allegations in paragraph 23 are denied.

24.    Defendants admit that some, but not all, of the activities described in paragraph 24 are sometimes performed by anesthesiologists. The remaining allegations in paragraph 24 are denied.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.    Defendants admit that, on April 5, 1999, Dr. Locastro telephoned Ms. O'Hara and discussed his disability claim. The remaining allegations in paragraph 26 are denied.

27.    Defendants admit that Ms. O'Hara received a Paul Revere disability claim form containing an attending physician's statement purportedly completed by H.D. Herbert, M.D. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27.

28.    Denied.

29.    Defendants admit that Ms. LaRochelle was involved in the handling of Dr. Locastro's claim file. The remaining allegations in paragraph 29 are denied.

30.    Defendants admit that Paul Revere denied Dr. Locastro's claim.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Dr. Locastro's leg muscles have measurably atrophied and he walks with a decided limp." The remaining allegations in paragraph 30 are denied.

31.    Admitted.

32.    Denied.

33.    Defendants deny that "Dr. Bianchi refused to arrange for an 'independent' medical examination of Dr. Locastro." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33.

34.    Denied.

35.    Admitted.

36.    Denied.

37.    Denied.

38.    Paragraph 38 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 38.

39.    Denied.

40.    Ms. O'Hara, Ms. McKiernan and Ms. LaRochelle were dismissed as parties and, therefore, no answer is required. To the extent an answer is required, Defendants admit that Ms. O'Hara, Ms. McKiernan and Ms. LaRochelle were, at times, employees of Paul Revere, Provident, Provident Companies and/or UnumProvident. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41.    Dr. Bianchi was dismissed as a party and, therefore, no answer is required. To the extent an answer is required, Defendants admit that Dr. Bianchi was, at times, an

employee of Paul Revere, Provident, Provident Companies and/or UnumProvident. The remaining allegations in paragraph 41 are denied.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Locastro was informed and believes. The remaining allegations in paragraph 42 are denied.

43. Paragraph 43 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny that Paul Revere, Paul Revere Group, Provident, Provident Companies and UnumProvident are a "single entity." To the extent any further answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43.

44. Paragraph 44 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny that Paul Revere, Paul Revere Group, Provident, Provident Companies and/or UnumProvident acted in bad faith in regard to the handling of Dr. Locastro's claim. To the extent any further answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44.

45. Denied.

46. Denied that bad faith practices were engaged in and denied that bad faith practices were "continued."

47. Denied.

48. Joseph Zoimen and Joseph Zoimen, LLC were dismissed as parties and, therefore, no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning

actions or inaction of Mr. Zoimen and Joseph Zoimen, LLC. The remaining allegations in paragraph 48 are denied.

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 49.

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 50.

51.    Denied.

52.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning any actions of Joseph Zoimen or Joseph Zoimen, LLC. The remaining allegations in paragraph 52 are denied.

53.    Denied.

54.    Denied.

55.    Defendants admit that paragraph 9.5 of the Policy states: "At Our expense, We can have a Physician of Our choice examine You as often as reasonably required while Your claim is continuing." The remaining allegations in paragraph 55 are denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Defendants deny that, "[a]s a result of the wrongful denial of disability insurance benefits, and other wrongful conduct of the defendants herein alleged, Dr. Locastro has

been deeply embarrassed to the point where he feels closed off from the whole world and has been recommended by health care professionals to seek psychiatric counseling." Defendants further deny that "[a]ll of the problems identified in this paragraph have been proximately caused by the wrongful conduct of the defendants." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62.

63. Defendants admit that, in a Claim Department Phone Memo dated July 6, 1999, Ms. O'Hara handwrote: "He is frustrated with us (not me) after 4 months." The remaining allegations in paragraph 63 are denied.

64. Defendants deny that Joseph Zoimen "insert[ed] himself into the Locastro claims resolution process." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. Defendants admit that Paul Revere arranged for Dr. Locastro to undergo an independent medical examination by Richard Grant, M.D., in Washington, D.C. on February 11, 2002. Defendants further admit that, after Dr. Locastro advised Paul Revere that he had a medical procedure scheduled for February 11, 2002, the examination was rescheduled to February 25, 2002. Defendants further admit that, on February 25, 2002, Michelle Magner, a Paul Revere customer care specialist, called Dr. Locastro's counsel and advised that Dr. Grant does not allow independent medical examinations to be videotaped and does not allow the presence of third parties in the exam room. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that "Dr. Locastro advised Dr. Grant in advance that he intended to have it videotaped by two nurses he arranged to be present" and that

-10-

Dr. Locastro "was en route to the [sic] Dr. Grant's office in Washington, D.C." when Ms. Magner called his counsel. The remaining allegations in paragraph 66 are denied.

67.    Denied.

68.    Defendants deny that Paul Revere refused to permit the independent medical examination by Dr. Grant to proceed under the stated terms of the Policy. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68.

69.    Paragraph 69 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 69.

70.    Denied.

71.    Defendants admit that Dr. Locastro has made timely premium payments under the Policy. The remaining allegations in paragraph 71 are denied.

72.    Denied.

73.    Denied.

74.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the contents of the April 25, 2002 medical record from Dr. Spevak. The remaining allegations in paragraph 74 are denied.

75.    Defendants admit that Dr. Patrick Fergal McSharry is a former Medical Director at UnumProvident and that he is currently suing UnumProvident. The remaining allegations in paragraph 75 are denied.

76.    Admitted.

77.    Defendants admit that Dr. McSharry alleges in his lawsuit that "[a]lthough Defendant employed various medical doctors for the ostensible purpose of providing needed

medical guidance in reaching benefits decisions, the medical personnel were not truly utilized for that purpose." The remaining allegations in paragraph 77 are denied.

78.    Defendants admit that Dr. McSharry alleges in his lawsuit that "[i]t was Defendant's primary practice and policy to deny disability claims. The medical advisors were only to be used to provide language and conclusions supporting denial of claims." The remaining allegations in paragraph 78 are denied.

79.    Defendants admit that Dr. McSharry alleges in his complaint that "medical doctors were supposed to handle a number of files a day, precluding meaningful analysis." The remaining allegations in paragraph 79 are denied.

80.    Defendants admit that Dr. McSharry alleges in his lawsuit that "medical advisors were encouraged to use language in their reports that could be used to support denials. If reports were unsatisfactory to that end, the doctors were asked to delete and reword phrases so as not to compromise a denial." The remaining allegations in paragraph 80 are denied.

81.    Defendants admit that Dr. McSharry alleges in his lawsuit that "[m]edical doctors were not allowed to ask for further information or to suggest further tests; rather, their reviews were supposed to 'stand on the record.' The medical doctors were not supposed to help a claimant 'perfect' a claim." The remaining allegations in paragraph 81 are denied.

82.    Defendants admit that Dr. McSharry alleges in his lawsuit that "Defendant expected the medical advisor to render opinions on conditions outside of his or her specialty rather than to refer the file to a specialist in the field. It also required the non-specialist to support his training in the particular specialty even where the support required falsification." The remaining allegations in paragraph 82 are denied.

83.    Defendants admit that Dr. McSharry alleges in his lawsuit that "[a]lthough

-12-

an Appeal of a Denial is supposed to be reviewed independently and *de novo*, it is Defendant's practice to rely on the original evaluation of the case." The remaining allegations in paragraph 83 are denied.

84.    Defendants admit that Dr. McSharry alleges in his lawsuit that "[a]fter [he] began writing his reports accurately and without the foregone conclusion to deny the claim, . . . he began to suffer retaliation." Defendants further admit that Dr. McSharry alleges in his lawsuit that "[h]e endured verbal and written write-ups and warnings. He was subjected to constant criticism and ostracism. His work was routed around him." The remaining allegations in paragraph 84 are denied.

85.    Defendants admit that Dr. McSharry alleges in his lawsuit that he was "terminated from his position as Medical Director in January or [sic] 2002, purportedly for 'disruptive behavior.'" The remaining allegations in paragraph 85 are denied.

86.    Defendants admit that Priscilla Davis-McIlwain was a director in UnumProvident's claims department and that she had previously been employed by Provident and/or Provident Companies. With respect to the contents of any affidavit executed by Ms. Davis-McIlwain, Defendants state that any such affidavit speaks for itself. The remaining allegations in paragraph 86 are denied.

87.    Denied.

88.    With respect to the contents of any document described in paragraph 88, Defendants state such document speaks for itself. Defendants deny the remaining allegations in paragraph 88.

89.    Defendants deny that "[i]t indicates the corporate culture of valuing claims denial at the sacrifice of honest claims evaluation." Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89.

90.    Denied.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Locastro intends to do. The remaining allegations in paragraph 91 are denied.

92.    Denied.

93.    Defendants admit that: (i) Paul Revere received from Dr. Locastro a medical record dated in March 2001; (ii) the Maryland Insurance Administration re-opened an investigation; (iii) on December 28, 2001, Michelle Magner called Dr. Locastro's residence and left a message on his answering machine indicating that Paul Revere would be sending him a check, which he should receive in a few days, that a letter would be enclosed outlining the status of the claim, and that, upon receipt, he should call with any questions; (iv) on January 2, 2002, Ms. Magner sent Dr. Locastro a two-page letter by fax and overnight mail; (v) on page two of the January 2, 2002 letter, in the middle of a paragraph in the middle of the page, in the same type face as the rest of the letter, Ms. Magner wrote: "Please be aware that we are issuing this payment under a reservation of rights and without waiving any of our rights or defenses afforded by the contract or under law"; and (vi) in *Paul Revere Life Insurance Company v. Jafari*, Paul Revere filed a complaint against one of its insured's for, among other things, repayment of benefits paid under a reservation of rights after concluding that he intentionally shot off part of one of his fingers with a gun, and Dr. Jafari filed a counterclaim. Defendants are without knowledge or information sufficient to form a belief as to the truth of the following allegations: (i) in March 2001, medical records showed measurable muscular atrophy in Dr. Locastro's lower

-14-

extremities; (ii) "[i]n a couple days he received the check"; (iii) "[h]e did not deposit it, suspecting that the insurance company was playing a game with him"; (iv) "[d]ays after receipt of the check, he received a two page letter via fax, and later by overnight mail, from Magner"; and (v) "[h]ad Dr. Locastro deposited that check, dated December 28, 2001, and made payment toward the many tens of thousands of dollars of debt he has accumulated since [Paul Revere] denied his disability claim in 1999, he would have been obligated to pay this money back to [Paul Revere] after the next pronouncement that they were denying his claim after further review." The remaining allegations in paragraph 93 are denied.

94.    Defendants admit that the "analysis concluded that there was a puncture wound in the remaining portion of the finger indicating the possible use of an anesthetic before the incident resulting in the wound." Defendants further admit that, during the Rule 30(b)(6) deposition of Paul Revere in *Jafari*, which began on October 3, 2001, Ms. LaRochelle identified Dr. Bianchi's involvement in the medical review process. The remaining allegations in paragraph 94 are denied.

95.    Denied.

96.    Paragraph 96 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 96.

97.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 96 and 171 through 253.

98.    Paragraph 98 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants admit that the Policy is a written contract between Paul Revere and Dr. Locastro and that Dr. Locastro has timely paid insurance premiums for the Policy. The remaining allegations in paragraph 98 are denied.

99.    Denied.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    Denied.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.    Defendants admit that there are nearly 260 months between May 11, 1999 and January 3, 2021.  The remaining allegations in paragraph 103 are denied.

104.    Denied.

105.    Denied.

106.    Defendants admit that Dr. Locastro has timely paid the premium for the Policy since its inception.  The remaining allegations in paragraph 106 are denied.

107.    Defendants admit that the only sums paid to Dr. Locastro under the Policy were paid under a reservation of rights.  The remaining allegations in paragraph 107 are denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 112 and 171 through 253.

114.    Paragraph 114 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 114.

115. Denied.

116. Denied.

117. Denied.

118-130.    Paragraphs 118 through 130 relate only to Counts Three and Four of the Amended Complaint.  The Court dismissed those counts by Order dated March 17, 2003.

131.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 130 and 171 through 253.

132.    Paragraph 132 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 132.

133.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 132 and 171 through 253.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145.    Defendants incorporate by reference, as if fully stated herein, its answer to

paragraphs 1 through 144 and 171 through 253.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150 -163.    Paragraphs 150 through 163 relate only to Counts Eight, Nine and Ten of the Amended Complaint.  The Court dismissed those counts by Order dated March 17, 2003.

164.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 163 and 171 through 253.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 168.

170.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that, at all relevant times, Dr. Locastro and Joan Locastro were and have been husband and wife.  The remaining allegations in paragraph 170 are denied.

171.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 170.

172.    Paragraph 172 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 172.

173.    Denied.

174.    Denied.

175.    Paragraph 175 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 175.

176.    Denied.

177.    Denied.

178.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation concerning Dr. Locastro's motives in commencing this suit. The remaining allegations in paragraph 178 are denied.

179.    Denied.

180.    Denied.

181.    Defendants admit that Patrick Fergal McSharry, M.D., a former Medical Director, filed a wrongful termination lawsuit against UnumProvident.  The remaining allegations in paragraph 181 are denied.

182.    Defendants admit that, effective June 30, 1999, UnumCorporation merged with and into Provident Companies, Inc., and Provident Companies, Inc. amended its charter to, among other things, change its name to UnumProvident Corporation.  The remaining allegations in paragraph 182 are denied.

183.    Paragraph 183 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 183.

184.    Denied.

185.    Paragraph 185 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 185.

186.    Paragraph 186 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 186.

187.    Paragraph 187 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 187.

188.    Paragraph 188 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 188.

189.    Paragraph 189 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 189.

190.    Paragraph 190 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 190.

191.    Paragraph 191 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 191.

192.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.  The remaining allegations in paragraph 192 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 192.

193.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.  The remaining allegations in paragraph 193 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 193.

194.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.  The remaining allegations in paragraph 194 state legal conclusions as to which no answer is required.  To the extent an answer

is required, Defendants deny the remaining allegations in paragraph 194.

195.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.  The remaining allegations in paragraph 195 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 195.

196.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.  The remaining allegations in paragraph 196 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 196.

197.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.  The remaining allegations in paragraph 197 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 197.

198.    Paragraph 198 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 198.

199.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.  The remaining allegations in paragraph 199 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 199.

200.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.  The remaining allegations in paragraph 200 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 200.

201.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.   The remaining allegations in paragraph 201 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 201.

202.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.   The remaining allegations in paragraph 202 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 202.

203.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.   The remaining allegations in paragraph 203 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 203.

204.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes.   The remaining allegations in paragraph 204 state legal conclusions as to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in paragraph 204.

205.    Denied.

206.    Denied.

207.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207.

208.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Paragraph 216 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 216.

217.    Defendants are without knowledge or information sufficient to form a belief as to the truth of what Dr. Locastro alleges he believes. The remaining allegations in paragraph 217 state legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations in paragraph 217.

218.    Admitted.

219.    Defendants admit that the insurance company affiliates through which UnumProvident conducts its operations include Unum Life Insurance Company of America ("Unum"), Paul Revere, Provident, and several others. The remaining allegations in paragraph 219 are denied.

220.    Paragraph 220 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants admit that UnumProvident has stated in affidavits filed in other actions that UnumProvident and the insurance company affiliates through which it conducts its operations are separate and distinct corporate entities.

221.    Paragraph 221 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 221.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Paragraph 225 states legal conclusions as to which no answer is required.

To the extent an answer is required, Defendants deny the allegations in paragraph 225.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Paragraph 232 states legal conclusions as to which no answer is required.

To the extent an answer is required, Defendants deny the allegations in paragraph 232.

233.    Paragraph 233 states legal conclusions as to which no answer is required.

To the extent an answer is required, Defendants deny the allegations in paragraph 233.

234.    Paragraph 234 states legal conclusions as to which no answer is required.

To the extent an answer is required, Defendants deny the allegations in paragraph 234.

235.    Paragraph 235 states legal conclusions as to which no answer is required.

To the extent an answer is required, Defendants deny the allegations in paragraph 235.

236.    Paragraph 236 states legal conclusions as to which no answer is required.

To the extent an answer is required, Defendants deny the allegations in paragraph 236.

237.    Paragraph 237 states legal conclusions as to which no answer is required.

To the extent an answer is required, Defendants deny the allegations in paragraph 237.

238.    Paragraph 238 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 238.

239.    Paragraph 239 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 239.

240.    Paragraph 240 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 240.

241.    Paragraph 241 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 241.

242.    Denied.

243.    Defendants admit that Paul Revere claims that Dr. Locastro is not "disabled" and does not have a "disability", as those terms are defined in the Policy. The remaining allegations in paragraph 243 are denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Paragraph 253 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 253.

254.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 253.

255.    Paragraph 255 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 255.

256.    Defendants incorporate by reference, as if fully stated herein, its answer to paragraphs 1 through 255.

257.    Defendants admit that UnumProvident has represented that it is a holding company for various subsidiaries and affiliates including, without limitation, Paul Revere, Provident, GENEX Services, Inc., and Unum.  The remaining allegations in paragraph 257 are denied.

258.    Paragraph 258 states legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 258.

259.    Denied.

260.    Denied.

## Additional Denial

To the extent any allegation of fact made in the Amended Complaint was not specifically answered in the responses set forth above, such allegation is denied.

## Additional Defense

The claims set forth and damages sought in the Amended Complaint are barred by notions of substantive and procedural due process.

## Negative Defenses

1.    The Paul Revere Insurance Group lacks the capacity to be sued.  The Paul Revere Insurance Group is not a corporation or other legal entity that has the capacity to be sued,

but rather is a trade name used in connection with the marketing of insurance products offered under the "Paul Revere" name.

2.    Provident Companies, Inc. lacks the capacity to be sued.  On June 30, 1999, Provident Companies, Inc. amended its charter to, among other things, change its name to UnumProvident Corporation.

<u>Affirmative Defenses</u>

1.    The Amended Complaint fails to state a claim upon which relief can be granted.

2.    The claims set forth in the Amended Complaint are barred by collateral estoppel and *res judicata*.

3.    The claims set forth in the Amended Complaint are barred by Dr. Locastro's fraud in filing a fraudulent claim for disability benefits.

4.    The claims set forth in the Amended Complaint are barred because Dr. Locastro failed to exhaust administrative remedies.

5.    The claims set forth in the Amended Complaint are barred by Dr. Locastro's failure to comply with all conditions precedent in the Policy.

6.    The claims set forth in the Amended Complaint are barred by Dr. Locastro's material breach of the Policy.

7.    The claims set forth in the Amended Complaint are barred by the doctrine of unclean hands.

8.    The claims set forth in the Amended Complaint are barred because the losses asserted are not covered under the terms of the Policy.

9.    The claims set forth in the Amended Complaint are barred based on

material misrepresentations in the application to exercise a Future Income Option.

10.     The RICO claims set forth in the Amended Complaint are barred and pre-empted by the McCarran-Ferguson Act.

11.     The RICO and conspiracy claims set forth in the Amended Complaint are barred by the intracorporate conspiracy doctrine.

Respectfully submitted,

_____
Bryan D. Bolton
Federal Bar No. 02112
Derek B. Yarmis
Federal Bar No. 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201
(410) 659-7700
(410) 659-7773

Attorneys for Defendants

Dated:  April 21, 2003

20014.015: 62791v7