UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT A. LOCASTRO, D.O., *et al.*,                    *

      Plaintiffs,                                              *

v.                                                                      *        Civil Action No. WMN 02-781

THE PAUL REVERE LIFE INSURANCE                   *
COMPANY, *et al.*,
                                         *

      Defendants.                                             *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO CLARIFY OR, IN THE ALTERNATIVE, MODIFY SCHEDULING ORDER</u>

      Co-defendants The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation ("Defendants"), pursuant to Md. Local Rule 105.1, file this memorandum of law in support of its motion to clarify or, in the alternative, modify the Scheduling Order entered on May 6, 2003.

## I. <u>PRELIMINARY STATEMENT</u>

      In accordance with the Scheduling Order entered on May 6, 2003 (the "Scheduling Order"), Plaintiffs, on July 7, 2003, served a Disclosure of Expert Testimony in which 48 alleged hybrid fact/expert witnesses were disclosed, including 13 present or former employees of one or more of the Defendants and numerous other individuals who are likely to provide, at most, purely factual testimony. Concerned that Plaintiffs' shotgun designation was designed to circumvent the 12-hour limitation on deposition hours of fact witnesses prescribed in the Scheduling Order, counsel for Defendants attempted to reach an agreement with Plaintiffs' counsel. During the dialogue among counsel, Plaintiffs' counsel

advised that Plaintiffs did not intend to circumvent the 12-hour limitation and, in fact, expressed the view that the 12-hour limitation applies to fact and hybrid fact/expert witnesses alike, including the 22 treating health-care providers from whom Plaintiffs may elicit expert opinion testimony at trial.

Plaintiffs' position is inconsistent with the express terms of the Scheduling Order and common sense. The limitation on deposition hours only applies to fact witnesses. Expert witnesses -- whether specially retained or hybrid -- are not subject to the limitation. This is because the Federal Rules of Civil Procedure already provide a strong incentive for parties to limit the length of expert depositions -- the requirement to compensate the expert for his time in deposition. Even if the Court stamps its imprimatur on Plaintiffs' construction of the Scheduling Order, it is fundamentally unfair to require Defendants to complete the depositions of up to 22 treating health-care providers, not to mention Plaintiffs and other fact witnesses, in 12 hours. For the reasons stated above and below, the Court should enter an order clarifying that the 12 hour limitation does not apply to the depositions of Dr. Locastro's treating health-care providers. Alternatively, the Court should enter an order modifying the Scheduling Order to allow Defendants 22 additional deposition hours for the purpose of deposing the treating health-care providers.

## II.  FACTUAL BACKGROUND

On August 12, 2002, Plaintiffs filed an 87 page, 260 paragraph amended complaint, seeking, *inter alia*, compensatory, consequential, and punitive damages for various contract, tort, and RICO claims. (*See* Am. Compl., *passim.*)[1]  The Court granted in part and denied in part Defendants' motions to dismiss or for summary judgment. (*See* Mem. and Order dated March 17, 2003.)  Various contract, tort and RICO claims, however, survived the motions. (*Id.*)  A Rule 26 report of Plaintiffs' financial

---

[1] On April 2, 2003, Plaintiffs filed an Amendment by Interlineation, substituting "Provident Companies, Inc." for "Provident Insurance Companies, Inc."  (*See* Amendment by Interlineation.)

economist indicates that Plaintiffs will seek in excess of $1,000,000 in compensatory damages alone. (*See* ex. 1.)[2]

On May 6, 2003, the Court issued the Scheduling Order, which provides in pertinent part:

> Deposition Hours
>
> Please confer with one another and report to me by correspondence within 14 days of the date of this order concerning the number of hours of depositions which you believe is appropriate. If I have not heard from you by that date, each side shall be limited to <u>12</u> hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.)

(*See* Scheduling Order dated May 6, 2003, p. 3.) Neither Plaintiffs nor Defendants requested a modification of the number of fact-witness deposition hours.[3]

In accordance with the Scheduling Order, Plaintiffs, on July 7, 2003, served a Disclosure of Expert Testimony. (*See* ex. 2.) Plaintiffs identified, *inter alia*, 48 alleged hybrid fact/expert witnesses, including 22 treating health-care providers (identified at paragraphs 2.a. through 2.v.), 13 present or former employees of one or more of the Defendants, and numerous other individuals, who are likely to provide, at most, purely factual testimony. (*Id.*, pp. 2-6.)

Concerned that Plaintiffs' shotgun designation was designed to circumvent the 12-hour limitation on deposition hours of fact witnesses prescribed in the Scheduling Order, Defendants' counsel wrote to Plaintiffs' counsel on July 10, 2003 to determine whether Plaintiffs intended to take the position that the 12-hour limitation would not apply with respect to the hybrid fact/expert witnesses

---

[2] Defendants do not concede the truth or accuracy of the Rule 26 report. Rather, the report is referenced for the sole purpose of quantifying the alleged damages.

[3] In response to the initial scheduling order, which was issued on July 22, 2002, the parties jointly requested 50 deposition hours of fact witnesses per side. (*See* Aug. 5, 2002 letter from Pl.'s counsel to the Court.) Shortly thereafter, however, the Court withdrew the initial scheduling order. (*See* Aug. 14, 2002 margin order.)

(other than the treating health-care providers). (*See* ex. 3.)[4] In response, Plaintiffs' counsel wrote: "Mr. Yarmis' fax letter of moments ago is misguided. We mutually agreed on 50 deposition hours per side at the inception of this case and advised the court of that agreement in writing on August 5, 2002. . . . There is absolutely no attempt by Plaintiffs to circumvent any rights you enjoy regarding depostion [sic] hours." (*See* ex. 4.)

The following day, Plaintiffs' counsel telephoned Defendants' counsel to discuss the issue. (*See* ex. 5.) Defendants' counsel explained why the Scheduling Order, not the 50-hour limitation proposed in counsel's August 5, 2002 letter to the Court, is controlling. (*Id.*) In a follow-up letter faxed to Plaintiffs' counsel on July 14, 2003, Defendants' counsel proposed jointly requesting that the Court allow 50 deposition hours of fact witnesses per side, conditioned on Plaintiffs' agreement (i) to jointly request an extension of the scheduling order and (ii) that all individuals identified in Plaintiffs' expert disclosure as hybrid fact/expert witnesses will be deemed fact witnesses for purposes of deposition hours. (*Id.*) Plaintiffs' counsel rejected the proposal and instead agreed that "both sides are limited to twelve total hours for deposing all fact witnesses." (*See* Ex. 6.)

On July 14, 2003, Plaintiffs' counsel and Defendants' counsel again spoke by telephone, during which Plaintiffs' counsel expressed the view that the depositions of all hybrid fact/expert witnesses should be subject to the 12-hour limitation. (*See* ex. 7.) Although Defendants' counsel advised that the depositions of treating health-care providers should not be subject to the 12-hour limitation, Plaintiffs' counsel wrote later that day:

> I expect that the Defendants will taking [sic] the position that the twelve hour time limit applies to all fact and hybrid witnesses, including healthcare providers. Obviously, if Defendants take the position that

---

[4] Defendants' counsel acknowledged, implicitly, that the treating health-care providers were properly designated as hybrid fact/expert witnesses. (*See* ex. 3.)

> healthcare providers are not included within the limitation, then Plaintiffs
> will likely seek to exclude other hybrid witnesses from the limitation.
> Accordingly, please notify me at your earliest convenience if you intend to
> take such a position.

(*Id.*)

On July 15, 2003, Defendants' counsel advised Plaintiffs' counsel of his disagreement "that the depositions of Dr. Locastro's treating health-care providers should count toward the deposition hours allocated by the Court." (*See* ex. 8.) Counsel continued:

> In the scheduling order, the Court made clear that deposition hours
> apply only to fact witnesses. Dr. Locastro designated his treating health-
> care providers as expert witnesses; therefore, any time you or we spend
> taking their depositions should not count toward the twelve-hour limit. Of
> course, if there are any health-care providers from whom you do not
> intend to elicit expert opinion testimony at trial, such as Dr. Locastro's
> physical therapists, for example, then any time spent taking their
> deposition should count toward the twelve-hour limitation. If, however,
> you intend to seek expert opinion testimony (for example, testimony
> concerning the nature of Dr. Locastro's alleged disabling condition and
> the extent of his alleged disability), the twelve-hour limitation is
> inapplicable.

(*Id.*) In light of Defendants' position and Plaintiffs' counsel's July 14, 2003 letter, Defendants' counsel requested that Plaintiffs' counsel advise whether "you believe any [additional hybrid fact/expert] witnesses should be excluded [from the 12-hour limitation] so that we can give consideration to the issue and, hopefully, avoid burdening the Court with a discovery motion." (*Id.*) In response, Plaintiffs' counsel advised in a voice-mail message that Plaintiffs intend to take the position that "they [each of the hybrid fact/expert witnesses] are fact witnesses straight down the line."

Finally, by letter dated July 17, 2003, Plaintiffs' counsel crystallized their view on the issue:

> As to healthcare providers, I believe that we can at least agree that
> they are the quintessential hybrid witnesses. Please understand that
> Plaintiffs reserve the right to elicit expert testimony from any and all pure
> expert and/or hybrid fact/expert witnesses designated by Plaintiffs or any

other party to this case, as well as any other persons, whom Plaintiffs may be able to call as expert witnesses, pursuant to the Federal Rules or otherwise, without an explicit designation. Accordingly, you should presume that each and every healthcare provider listed may be called in Plaintiffs' case-in-chief for the purposes of providing expert testimony . . . .

Plaintiffs nevertheless take the position, first set forth in Defendants' correspondence,[5] that the 12-hour limitation applies to the healthcare providers and any other hybrid fact/expert witness. While Plaintiffs are likewise anxious to avoid burdening the Court with a discovery motion, we cannot agree to exempting the healthcare providers from the 12-hour limitation.

(*See* ex. 9.)

## III. ARGUMENT

### A. The 12-Hour Limitation Does Not Apply To The Depositions Of Dr. Locastro's Treating Health-Care Providers

By its express terms, the 12-hour limitation prescribed in the Scheduling Order only applies to depositions of "fact witnesses." The 22 treating health-care providers designated as hybrid fact/expert witnesses are not pure "fact witnesses." Rather, they were designated by Plaintiffs as individuals "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). As such, they are not subject to the 12-hour limitation.

In an article entitled "Limiting Deposition Hours – Its Method and Rationale", the Honorable J. Frederick Motz, then Chief Judge of this Court, made clear that the limitation on deposition hours "applies only to <u>fact</u> witnesses." J. Frederick Motz, *Limiting Deposition Hours - Its Method and*

---

[5] Plaintiffs' counsel presumably is referring to a July 10, 2003 letter from Defendants' counsel to Plaintiffs' counsel. (*See* ex. 3.) Defendants' counsel never took the position that the 12-hour limitation applied to each of the alleged hybrid fact/expert witnesses identified by Defendants. Rather, Defendants' counsel asked only "whether Dr. Locastro intends to take the position that the twelve-hour limitation . . . does not apply with respect to *the individuals identified at paragraphs w through vv*." (*See* ex. 3 at 2; emphasis added.) None of the individuals identified in paragraphs 2.w. through 2.vv. is a treating health-care provider. (*See* ex. 2.)

*Rationale* at 3.[6]  This is because Fed. R. Civ. P. 26(b)(4)(C) and Md. Local Rule 104.11(b) already provide a strong incentive for parties to limit the length of expert depositions.  *See id.*

The motivation for Plaintiffs' position is manifest.  Plaintiffs know full well that Dr. Locastro has virtually unbridled access to his treating health-care providers, some of whom, Defendants believe, are his former colleagues.  In other words, Dr. Locastro does not have to take any of their depositions.  The only access Defendants have to Dr. Locastro's treating health-care providers, however, is through the use of the Court's subpoena power.  Given that Defendants have only 12 hours to take the depositions of Plaintiffs and all other fact witnesses, it is unreasonable to construe the Scheduling Order such that time spent deposing any or all of the 22 treating health-care providers counts against the 12-hour limit.  For these reasons, the Court should enter an order clarifying that the 12-hour limitation does not apply to the depositions of Dr. Locastro's treating health-care providers.

> B.    Assuming The 12-Hour Limitation Applies To The Depositions Of Dr. Locastro's Treating Health-Care Providers, The Scheduling Order Should Be Modified To Allow Defendants 22 Additional Hours To Depose The Treating Health-Care Providers

Even if the Court agrees that the 12-hour limitation applies to the depositions of Dr. Locastro's treating health-care providers, the Scheduling Order should be modified to allow Defendants 22 additional hours to depose the treating health-care providers.  In light of Judge Motz's formulaic approach to the allocation of deposition hours, which takes into account the amount in controversy (in this case, in excess of $1,000,000), as well as consideration of various other relevant factors, including the nature of the claims, the number of potential witnesses, and the scope of knowledge of potential witnesses, the Court, in its discretion, could have allocated far in excess of 12 deposition hours of fact

---

[6] Defendants' counsel recalls Judge Motz's article being published in a local bar publication, but has been unable to verify the publication or obtain a copy thereof.   A copy of the article, obtained from Judge Motz's chambers, is attached as exhibit 10.

witnesses per side.  (*See* ex. 10 at 2-5.)  The parties, however, were in agreement that that was not necessary until, of course, Plaintiffs served their Disclosure of Expert Testimony and advised Defendants of their construction of the Scheduling Order.

In fairness to Defendants, the Court should modify the Scheduling Order to allow Defendants 22 hours for the depositions of Dr. Locastro's treating health-care providers.[7]  This will allow Defendants to explore the expert opinions held by the health-care providers and the factual bases for the opinions. Any other result would be fundamentally unfair and would deprive Defendants of the opportunity to conduct meaningful discovery of both fact and hybrid fact/expert witnesses.  For these reasons, the Court, alternatively, should enter an order modifying the Scheduling Order to allow Defendants 22 additional deposition hours for the purpose of deposing the treating health-care providers.

## IV.  CONCLUSION

For the reasons stated, the Court should enter an order clarifying that the 12 hour limitation does not apply to the depositions of Dr. Locastro's treating health-care providers.  Alternatively, the Court should enter an order modifying the Scheduling Order to allow Defendants 22 additional deposition hours for the purpose of deposing the treating health-care providers.

---

[7] 22 hours averages to one hour per treating health-care provider.  Defendants, however, likely will not take the deposition of each of the treating health-care providers.

Respectfully submitted,

_____
Bryan D. Bolton
Federal Bar No. 02112
Derek B. Yarmis
Federal Bar No. 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for The Paul Revere Life Insurance Company,
The Paul Revere Insurance Group, Provident Life and
Accident Insurance Company, Provident Companies, Inc.,
and UnumProvident Corporation

Dated:  July 18, 2003

20014.015:65529