RFS:rcc
8/1/03
128.0000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT A. LOCASTRO, D.O., et ux., | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | * |
| | * Civil Action No.: 1:02-cv-00781 |
| THE PAUL REVERE LIFE | * |
| INSURANCE COMPANY, et al., | * |
| | * |
| Defendants | * |
| | * |

\* \* \* \* \* \* \* \* \*

<u>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CLARIFY OR,
IN THE ALTERNATIVE, MODIFY SCHEDULING ORDER</u>

Plaintiffs, Robert A. Locastro, D.O. and his wife Joan Locastro, by their attorneys, Randall F. Smouse, William H. Owens and the law offices of Owens & Smouse, LLC, hereby oppose Defendants' The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc. and UnumProvident Corporation Motion to Clarify or, in the Alternative, Modify Scheduling Order, pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 105.1, and as reasons therefor state:

1. That Defendants' Motion and supporting Memorandum of Law are ultimately the result of a discovery dispute engineered by Defendants' counsel Derek Yarmis, Esquire.

2. That despite Defendants' reliance on Judge Frederick Motz' article "Limiting Deposition Hours – Its Method and Rationale" and despite Defendants' reliance on the amount in controversy and other indicia of the economic importance of this case, Plaintiffs have always

been willing to jointly move to expand the number of hours allowed per side with which to depose fact witnesses.

3. That as even the depositions attached to Defendants' Motion and Memorandum demonstrate, Plaintiffs were operating under the assumption that the original fifty hour per side agreed limit for fact depositions was still in operational effect; additionally, after Defendants' Motion and Memorandum were filed, Plaintiffs' counsel William Owens, Esquire spoke directly with Defendants' counsel Bryan Bolton, Esquire and, on behalf of Plaintiffs, offered to jointly move to expand the hourly limitation for fact witnesses, for both Plaintiffs and Defendants, but Mr. Bolton refused this proffered resolution. [See additional correspondence of July 24, 2003, with letterhead omitted in electronic copy, attached as Exhibit A.]

4. That despite Defendants' suggestion to the contrary, the health care providers designated in Plaintiffs' Disclosure of Expert Testimony, should be treated as fact witnesses for the purposes of any hourly limitation; importantly, said health care providers will primarily testify to matters of fact, namely their examination and treatment of Dr. Locastro; importantly, and unlike the "pure" experts designated by Plaintiffs, the identities of these treating health care providers have long been known to Defendants and their counsel and Defendants have had literally years to review Dr. Locastro's health records, contact his treating doctors through the claims process and otherwise discover the results of their examination and their treatment of Dr. Locastro.

5. That, unlike a traditional personal injury case, the cause and extent of Dr. Locastro's injuries are not at issue here; instead, the primary issue regarding compensatory damages is whether Dr. Locastro was and remains disabled under the terms of his disability

policy, and more importantly, whether Defendants properly investigated and lent credibility to the medical reports asserting Dr. Locastro's disability.

WHEREFORE, for all of the above reasons, Plaintiffs request that Defendants' Motion to Clarify or, in the Alternative, Modify Scheduling Order, be DENIED, or, in the alternative, that this Court limit both Plaintiffs and Defendants to twenty-two (22) hours of fact deposition per side and include all health care providers within said limitation.

Respectfully submitted,

_____/s/_____
RANDALL F. SMOUSE
Federal Bar No.: 11784

_____/s/_____
WILLIAM H. OWENS
Federal Bar No.: 06066

Owens & Smouse, LLC
113 Old Padonia Road, Suite 100
Hunt Valley, Maryland 21030
410-453-5757
Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES

1. Federal Rule of Civil Procedure 16(b).

2. Maryland Local Rule 105.1.

3. Arguments set forth in the attached Motion above.

_____/s/_____
WILLIAM H. OWENS
Federal Bar No.: 06066