July 24, 2003

By Way of U.S. Mail and Fax
Bryan D. Bolton, Esquire
Derek B. Yarmis, Esquire
Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
Fax No.:  410-659-7773

                                RE:    *Locastro, et al. v The Paul Revere Life Insurance Company, et al.*
                                         Civil Action No.:  WMN 02-781

Dear Messrs. Bolton and Yarmis:

      I write regarding your recently filed Motion to Clarify, or in the Alternative, Modify, in the above-referenced case.  I spoke with Bryan Bolton earlier this week and advised him that we would consider jointly moving to expand the number of hours allotted to depose fact witnesses, from twelve to some mutually-agreeable number, in order to accommodate the concerns expressed in your Motion.  Despite this offered accommodation, Mr. Bolton advised me that with or without the additional hours to depose fact witnesses, Defendants remain convinced that they are entitled to up to seven hours to depose each and every health care provider identified as a hybrid fact/expert witness in Plaintiffs' Disclosure.  Having been unable to resolve the matter, Plaintiffs will have no choice but to oppose Defendants' Motion.

      I will briefly advise you of our reasons for opposition, in the event that you may still be willing to reconsider your position.  First, Defendants were well aware of the existence of these health care providers when the Scheduling Order was issued.  These health care providers while designated as hybrid witnesses, are largely testifying to factual matters.  These matters include principally whether your clients ever contacted them in writing or by telephone, and if so what was remitted or discussed.  These matters also include their examination of observation of Plaintiff, their taking of an oral history, their examination of medical records and their diagnoses and treatment of Plaintiff.  While I understand that you disagree with my characterization, I continue to believe that for purposes of this disability claim these are in essence factual matters.

      Second, given our attempt to resolve this matter by providing sufficient time to depose fact witnesses, your arguments regarding Judge Motz and the correlation between the value of lawsuit and the extent of discovery, are misplaced.  In other words, the concerns expressed by

Bryan D. Bolton, Esquire
July 24, 2003
Page 2 of 2

Judge Motz can easily be answered by simply increasing the hourly limitation for the deposing fact witnesses.

Finally, I am frankly concerned by your machinations and maneuvering regarding this matter. Originally, the parties had agreed to a 50 hour limit for deposing fact witnesses. As a result of the time delay necessitated by your various motions, including Defendants' Motion to Dismiss, the original Scheduling Order was suspended by agreement of counsel. When the new Scheduling Order was issued, there was no discussion between the parties or intention on behalf of Plaintiffs to agree to a lower amount. Nevertheless, Derek Yarmis represented on behalf of Defendants that they would oppose any effort to increase the hourly limit for fact witnesses, unless Plaintiffs would extend the time allotted for Defendants to identify experts. Now in your Motion you take the contrary position that there is insufficient time to depose witnesses. Overall, I am under the strong impression that Defendants are attempting to "game" the system rather than work with us to insure a reasonable opportunity for discovery for all parties.

As always, I invite you to call me to discuss this or any other mater regarding this case, and I remain

                        Very truly yours,

                        WILLIAM H. OWENS

WHO:rcc
Copy to:    Robert A. Locastro, D.O.