UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT A. LOCASTRO, D.O., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-781 |
| THE PAUL REVERE LIFE INSURANCE COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPLY IN FURTHER SUPPORT OF
MOTION TO CLARIFY OR, IN THE ALTERNATIVE, MODIFY SCHEDULING ORDER

Co-defendants The Paul Revere Life Insurance Company ("Paul Revere"), The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation (collectively, the "Defendants"), pursuant to Md. Local Rule 105.2, file this reply in further support of their motion to clarify or, in the alternative, modify the Scheduling Order entered on May 6, 2003.

I. ARGUMENT

Plaintiffs argue that the 22 health-care providers identified in their Disclosure of Expert Testimony should be treated as fact witnesses for purposes of the 12-hour limitation on depositions of fact witnesses because they will "primarily testify to matters of fact, namely their examination and treatment of Dr. Locastro . . . ." (Pls.' Opp'n to Defs.' Mot. to Clarify or, in the Alternative, Modify Scheduling Order at 2.) Plaintiffs, however, do not dispute that some or all of the treating health-care providers will provide pure opinion testimony, such as whether Dr. Locastro is totally disabled from

performing his occupational duties. Indeed, in response to an expert interrogatory served by Paul Revere, Plaintiffs stated: "As for the hybrid witnesses listed [in Plaintiffs' expert disclosure], Plaintiffs intend to call at trial Dr. Lauerman, Dr. Spevak, Dr. Curcio, Dr. Loeffler, Dr. Herbert, and Dr. Burkett. . . . Plaintiffs reserve the right to call each and any health care provider identified in . . . Plaintiffs [sic] Rule 26(a)(2) expert witness disclosure . . . ." (*See* Pls.' Answers to First Set of Interrogs. from Paul Revere, answer to interrog. no. 4.)[1]

In its expert interrogatory, Paul Revere sought, *inter alia*, "a complete statement of all opinions to be expressed [by expert witnesses, including hybrid fact/expert witnesses,] and the basis and reasons therefor . . . ." (*See* ex. 11.) Plaintiffs failed to provide this information in their answer to the interrogatory.[2] This further demonstrates the true motivation for Plaintiffs' position regarding deposition hours. Plaintiffs obviously want Defendants to spend the 12 hours deposing Dr. Locastro's treating health-care providers to ascertain the basic information that should have been disclosed in response to Paul Revere's expert interrogatory, rather than taking the depositions of critical fact witnesses.[3]

Plaintiffs claim that they "have always been willing to jointly move to expand the number of hours allowed per side with which to depose fact witnesses." (Pls.' Opp'n to Defs.' Mot. to Clarify or, in the Alternative, Modify Scheduling Order at 1-2.) Not true. In response to Defendants' proposal to

---

[1] Plaintiffs' answers to interrogatories were belatedly served on July 31, 2003 and, accordingly, were not available when Defendants' motion to clarify or, in the alternative, modify scheduling order was filed. A copy of the pertinent portion of Plaintiffs' answers to interrogatories is attached as Exhibit 11.

[2] This information clearly is discoverable. *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 n.7 (D. Md. 1997) (recognizing that an interrogatory is an independent method of requiring a party to disclose the opinions and factual bases of hybrid fact/expert witnesses and that the failure to answer such an interrogatory may be separate grounds to support a motion to exclude the opinion testimony of a hybrid witness). Defendants' counsel is in the process of attempting to resolve this discovery dispute with Plaintiffs' counsel.

[3] Because Plaintiffs failed to provide a complete answer to Paul Revere's expert interrogatory, the Court should infer that a complete answer would have revealed information adverse to Plaintiffs' position vis-à-vis the instant motion, *i.e.*, a complete answer would reveal that some or all of Dr. Locastro's treating health-care providers intend to provide pure opinion testimony.

jointly request that the Court allow 50 hours of depositions of fact witnesses per side,[4] Plaintiffs advised that "the interests of justice and the parties are best served by simply agreeing to the twelve hour limit . . . . Among other things, the twelve hour limitation will lead to more expeditious and fine-tuned discovery, and perhaps ultimately to a shorter and more easily managed trial." (*See* exs. 5 and 6.)  Only after Defendants filed the instant motion did Plaintiffs indicate their willingness to *consider* jointly moving to expand the number of deposition hours. (*See* ex. A attached to Pls.' Opp'n to Defs.' Mot. to Clarify or, in the Alternative, Modify Scheduling Order.)

In any event, Plaintiffs miss the point.  The 10-hour expansion of the number of deposition hours proposed by Plaintiffs will not level the playing field.  Plaintiffs' construction of the Scheduling Order (not to mention their incomplete answer to Paul Revere's expert interrogatory) requires Defendants to consume an inordinate number of the allocated deposition hours to discover basic information concerning the opinions of Dr. Locastro's treating health-care providers.  If the number of deposition hours is increased to 22 hours per side, inclusive of Plaintiffs' hybrid fact/expert witnesses, then Defendants still will have to consume an inordinate number of the allocated deposition hours to discover basic information concerning the opinions of Dr. Locastro's treating health-care providers.  Given Dr. Locastro's relationship to his treating health-care providers, Plaintiffs will not have to consume their deposition hours for this purpose.  For this reason alone, the Scheduling Order should be construed to exempt Dr. Locastro's treating health-care providers from the 12-hour limitation.

Lastly, Plaintiffs contend that, "unlike a traditional personal injury case, the cause and extent of Dr. Locastro's injuries are not at issue . . . ." (Pls.' Opp'n to Defs.' Mot. to Clarify or, in the Alternative, Modify Scheduling Order at 2.)  Defendants agree that the cause of Dr. Locastro's injuries likely will

---

[4] This request was conditioned upon, *inter alia*, a one-month extension of the remaining expert disclosure deadlines and a two-month extension of the discovery deadline. *See* ex. 5.

not be at issue, but the extent of his injuries certainly may be.  Indeed, if Dr. Locastro sustained only minor injuries, then that would tend to prove he is not totally disabled.  Further, as Plaintiffs acknowledge, "the primary issue . . . is whether Dr. Locastro was and remains disabled under the terms of his disability policy . . . ."  (*Id.* at 2-3.)  That issue alone requires pure opinion testimony and places at issue the observations of, tests performed on, and treatment provided to Dr. Locastro.  Defendants should not be required to use their fact-witness deposition hours on expert witnesses critical to Plaintiffs' prosecution of the primary issue in this case.

## II.  CONCLUSION

For the reasons stated, the Court should enter an order clarifying that the 12-hour limitation does not apply to the depositions of Dr. Locastro's treating health-care providers.  Alternatively, the Court should enter an order modifying the Scheduling Order to allow Defendants 22 additional deposition hours for the purpose of deposing the treating health-care providers.

Respectfully submitted,

_____
Bryan D. Bolton
Federal Bar No. 02112
Derek B. Yarmis
Federal Bar No. 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for Defendants

Dated:  August 4, 2003

20014.015:66030