UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT A. LOCASTRO, D.O., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-781 |
| THE PAUL REVERE LIFE INSURANCE COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO ENLARGE NUMBER OF DEPOSITION HOURS

Defendants, The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation ("Defendants"), pursuant to Md. Local Rule 105.1, file this memorandum of law in support of their motion to enlarge the number of deposition hours needed for a fair examination of one of plaintiffs' designated expert witnesses, Frank Caliri, III.

I.  PRELIMINARY STATEMENT

Defendants seek to enlarge the time to examine plaintiffs' lead liability "expert" witness, Mr. Frank Caliri, III, from seven hours to fourteen hours. The reasons for this request are as follows: (i) plaintiffs' complaint alleges claims for breach of contract, fraud, and RICO, all of which Mr. Caliri apparently seeks to support through his report and testimony; (ii) plaintiffs have joined five different entities as parties defendant in this action, alleging various conspiracy theories, all of which Mr. Caliri again apparently seeks to support in his report and testimony; (iii) Mr. Caliri's report is a full 28 pages in

length and covers roughly 1994 through to some time in at least 2000, although he also relies on more recent deposition testimony of sundry ex-employees of some of the defendants; (iv) Mr. Caliri has produced over 6,000 documents in support of his extensive report; and (v) plaintiffs seek several million dollars plus attorneys' fees in this action. For the reasons stated above and more fully explained below, the five defendants remaining in this action request an enlargement of time to a total of fourteen deposition hours to examine Mr. Caliri.

## II.   FACTUAL BACKGROUND

Plaintiffs' 87-page, 260-paragraph amended complaint seeks compensatory, consequential, and punitive damages for various contract, tort, and RICO claims. (*See* Am. Compl., *passim*)[1] The remaining defendants, after the Court's ruling on preliminary motions, are The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation. Plaintiffs' Disclosure of Expert Testimony includes a 28-page report from Frank Caliri, III. Mr. Caliri purports to trace and connect various conduct by various defendants from 1994 through 2000. (*See* Caliri Report, attached as exhibit A.) In addition, Mr. Caliri advises that he relied upon over 6,000 documents in preparing his report.[2] In addition, Mr. Caliri purports to rely on more recent testimony or affidavits offered by various former employees of the Defendants. All five of the remaining defendants seek and need to depose Mr. Caliri. All five need to examine him concerning his report. Although certain aspects of the questioning undoubtedly will overlap among the defendants (*e.g.,* qualifications), certain questions will not (*e.g.,* the basis for connecting certain conduct to certain companies at certain times). Moreover, examining the

---

[1] On April 2, 2003, plaintiffs filed an Amendment by Interlineation, substituting "Provident Companies, Inc." for "Provident Insurance Companies, Inc." (*See* Amendment by Interlineation.)
[2] In response to a subpoena issued by Defendants, Mr. Caliri directed counsel to documents he produced in another case. Counsel obtained the documents on CD-ROM and ascertained that over 6,000 documents appear on the CD-ROM.

2

basis for various assertions in the report, as well as how the 6,000 documents pertain to the report and the allegations in the report, unquestionably will take time. Still further, the basis for Mr. Caliri's reliance upon the testimony and/or affidavits of certain ex-employees will need to be explored. Finally, the examination of Mr. Caliri will, by necessity, cover several years and myriad "facts" recited by Mr. Caliri.

### III.  ARGUMENT

In 2000, Rule 30(d)(2) of the Federal Rules of Civil Procedure was amended to provide: "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or delays the examination." In turn, Fed. R. Civ. P. 26(b)(2) provides, *inter alia*, "[b]y order, the court may alter the limits of these rules on … the length of depositions under Rule 30."

The Advisory Committee's Note to Rule 30(d)(2) identifies several factors the Court may consider in determining whether to order an enlargement of deposition hours. The factors identified by the Advisory Committee as justifying an enlargement of time for a deposition include (i) "the examination will cover events occurring over a long period of time"; (ii) "the witness will be questioned about numerous or lengthy documents"; (iii) in "multi-party cases, the need for each party to examine the witness"; and (iv) in regard to expert witnesses, a need for additional time may exist "to allow for full exploration of the theories upon which the witness relies." (*See* Fed. R. Civ. P. 30(d)(2), Advisory Committee's Note.) All four factors support this motion and the increase to fourteen deposition hours for the deposition of Mr. Caliri.

A. The Examination of Mr. Caliri Will Cover Events Occurring Over A Long Period Of Time

Mr. Caliri's report covers events occurring from 1994 through at least some time in 2000. Thus, unlike a typical case involving conduct occurring over a few weeks or perhaps a few months, Mr. Caliri traces conduct over at least a six-year period. Mr. Caliri further attempts to weave the many years and the disparate information together to form a cohesive whole. Whether Mr. Caliri's report is accurate at various points in time, what precise authorities Mr. Caliri relies upon for various assertions, whether the authorities relied upon by Mr. Caliri actually support his specific assertions, whether Mr. Caliri has properly interpreted the documents upon which he relied, and whether his weaving together is proper are all issues that will need to be examined during his deposition. This unquestionably will take time, particularly given the expanse of time covered by the report.

B. Mr. Caliri's Deposition Will Involve Numerous And Voluminous Documents

Mr. Caliri purports to rely upon over 6,000 documents in support of his report. Whether the documents actually support the specific or general assertions by Mr. Caliri is disputed and will require substantial and detailed examination. Although Mr. Caliri may have a general working knowledge of the 6,000 documents, it certainly is not reasonable to assume he will commit all 6,000 to memory. Thus, Mr. Caliri likely will need to review documents during the deposition to refresh his recollection and respond to questions. *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 522 (S.D. Fla. 2002) (seven years of financial information, along with 10,000 pages of documents, justified enlarging the deposition over two days and for fourteen hours); *see also Canal Barge Co. v. Commonwealth*

*Edison Co.*, 2001 WL 817853, *4 (2001 N.D. Ill.)[3] (unpublished opinion) (the factual complexity of the evidence and the numerous accompanying documents justified an extension of the time allowed for the deposition).

Further, although the Advisory Committee Note discusses the possibility of sending documents to a witness in advance of a deposition, this process would be patently unfair in this particular context. Defendants should not be obligated to educate Mr. Caliri, in advance of his deposition, about what are the key documents on which they intend to examine him. Mr. Caliri is an "expert" identified by plaintiffs, and Defendants wish to cross-examine him in deposition. Mr. Caliri is not entitled to advance notice of the specifics of his examination so that he can rehearse and prepare his answers.

C. In This Multi-Party Case, The Five Remaining Defendants Need Time To Examine Mr. Caliri

Plaintiffs chose to join The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation in their amended complaint. All of these defendants, in varying degrees, are mentioned somewhere in Mr. Caliri's report and are alleged to play various roles in plaintiffs' vast conspiracy theory. The respective roles, duties, and responsibilities of the various entities/defendants, as well as how each entity contributed to the conspiracy and RICO conduct, must be explored in Mr. Caliri's deposition. Although defendants have common counsel, counsel must explore the separate relationships and roles the various companies are alleged to have had in this matter. Stated differently, even if one defendant may be responsible for an alleged act, this does not necessarily mean all

---

[3] Local Circuit Rule 53 of the Seventh Circuit, *inter alia*, prohibits the citation or use as precedent of unpublished opinions in any federal court in the Circuit [with limited exceptions]. Similarly, Local Circuit Rule 36(c) of the Fourth Circuit prohibits citation or use as precedent of unpublished decisions of that Circuit. There is no prohibition on citing unpublished reports from another circuit and, although this has no precedential value, due to the fact that there are so few reported decisions that have addressed the issue, this case is referred to for illustrative and indicative purposes only.

defendants are responsible. The separate duties and responsibilities of the defendants must be examined during Mr. Caliri's deposition, and the multitude of defendants supports enlarging the time for Mr. Caliri's deposition.

> D.  Additional Time Is Necessary To Explore The "Expert" Theories Upon Which Mr. Caliri Relies In Support Of His Opinions

Mr. Caliri identifies what he views are various shortcomings by various defendants in this action. The complete basis for his various opinions, the legitimacy of his opinions, and the legitimacy of the basis for his opinions are all open to question. This questioning extends not just to the conclusions expressed by Mr. Caliri, but to the penultimate assertions he relies upon and that lead to his conclusions. Thus, a full exploration of Mr. Caliri's opinions will extend not only to his conclusions, but also the various predicate "facts" that he relies upon in support of his conclusions.

> E.  A Fair Examination Of Mr. Caliri Will Require Fourteen Deposition Hours

Although the Advisory Committee identified various factors the Court may consider in determining whether to increase the duration of a deposition, the ultimate question the Court needs to consider is whether additional time is needed to conduct a fair examination of the deponent. *See* Fed. R. Civ. P. 30(d)(2). Mr. Caliri is, without question, a key witness in regard to plaintiffs' tort and RICO claims. This is significant because the amount and matter in controversy in regard to these claims is significant. According to plaintiffs' economist, the compensatory damages exceed $1,000,000. Pursuant to RICO, plaintiffs' compensatory damages may be trebled, taking the total amount at issue much higher. In addition, plaintiffs seek attorneys' fees as an additional element of damages. This is a significant case, a significant witness, and a significant amount of money at issue. The potential for serious ramifications for Defendants likewise is significant. Given all of these additional considerations,

this one deposition should be enlarged to permit a total of fourteen deposition hours. Indeed, considering the breadth of plaintiffs' allegations and Mr. Caliri's opinions, fourteen hours is extremely reasonable.

One final point is worth noting. Enlargement of the time for Mr. Caliri's deposition is particularly fair in this case because Defendants do not intend to depose plaintiffs' specially-retained expert economist. Thus, if the Court enlarges the time for Mr. Caliri's deposition, plaintiffs will be in no worse position than if all of plaintiffs' specially-retained experts had been fully deposed.

## IV.    CONCLUSION

For the reasons stated, Defendants' motion to enlarge the number of deposition hours should be granted.

Respectfully submitted,

\_\_\_\_/s/_____
Bryan D. Bolton
Federal Bar No. 02112
Derek B. Yarmis
Federal Bar No. 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation

Dated:      August 22, 2003

20014.015:66076v2