RFS:rcc
8/28/03
128.0000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT A. LOCASTRO, D.O., et ux.,   *

    Plaintiffs  *

v.  *

    *   Civil Action No.: 1:02-cv-00781

THE PAUL REVERE LIFE
INSURANCE COMPANY, et al.,   *

    *

    Defendants  *

    *

\* \* \* \* \* \* \* \* \*

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE DEPOSITION HOURS

Plaintiffs, Robert A. Locastro, D.O. and his wife, Joan Locastro, by their attorneys, Randall F. Smouse, William H. Owens and the law offices of Owens & Smouse, LLC, pursuant to the Federal Rules and Maryland Local Rule 105.1, hereby file this Memorandum of Law in Support of their Opposition to Defendants' Motion to Enlarge Deposition Hours.

Absent from Defendants' Motion and Memorandum is any mention of the fact that Mr. Caliri has been previously deposed by Defendants. In fact, Mr. Caliri has been deposed on at least ten separate occasions, in at least ten separate cases, by counsel for the various Defendants during the past three years. [See Affidavit of Frank Caliri, III, attached hereto as Exhibit A] In addition, as Defendants admit, and even rely upon, Mr. Caliri has submitted a detailed 28 plus page report. Accordingly, Defendants have been apprised clearly and in writing, of the detailed substance of Mr. Caliri's expected testimony.

Importantly, much of Mr. Caliri's testimony involves facts and evidence not peculiar to this case. As this Court is aware, the Defendants are all corporations engaged in the disability

insurance business. As set forth in Plaintiffs' detailed Amended Complaint, these Defendants have been sued, for both compensatory and exemplary damages, in various other cases around the country. The allegations of corporate misconduct upon which Plaintiffs' exemplary damage claims are based have been plead, subject to discovery and litigated in these various preceding cases. Mr. Caliri has provided Rule 26 Reports and testified in some of those preceding cases. [Exhibit A] As set forth in Plaintiffs' Rule 26 Report for the instant case, Mr. Caliri's testimony concerns, in large measure, the corporate history of the various Defendants. That corporate history has not changed, nor is there any reason to believe that Mr. Caliri's testimony will change. Additionally, should Mr. Caliri's testimony change the transcripts of those prior depositions are available to Defendants, as impeachment evidence, should this Court so allow.

An examination of the factors set forth in the Advisory Committee's Note to Rule 30(d)(2) suggests that Defendants' arguments are without merit. Defendants argue that Mr. Caliri's Rule 26 Report covers events "from 1994 through at least some time in 2000." However, the events chronicled by Mr. Caliri are part of Defendants' corporate history. Accordingly, Defendants should be intimately familiar with these events. Unlike an expert witness, such as a doctor, who might be testifying to events known uniquely to Plaintiff, Mr. Caliri is testifying to events and relying upon documents well known to the Defendants; in fact Defendants' employees were the principle actors in these events and the principle authors of the documents. Given the various preceding depositions of Mr. Caliri, taken by the Defendants and described in Exhibit A, this factor does not suggest that additional deposition time is warranted.

Defendants likewise emphasize that "Mr. Caliri purports to rely upon over 6,000 documents in support of his report." Again, as set forth above, these documents were primarily

authored by Defendants' employees and their significance has been, or should have been, explored in the preceding depositions of Mr. Caliri.  Likewise, Defendants' claim that Mr. Caliri will need to review the documents during the deposition is also unpersuasive.  Aside from the speculative nature of such claims, any such extensive document review can be accomplished off the record, thereby "stopping the clock" and preserving Defendants' allotted seven hours of deposition time.

Defendants likewise mis-rely on the multiplicity of Defendants to support their motion.  In fact, as Plaintiffs' Amended Complaint alleges and Mr. Caliri's Rule 26 Report demonstrates, these Defendants have acted in the past, and are presently acting, in collusion.  Defendants are represented by common counsel and are economically joined in various legal relationships and by means of common ownership and joint enterprise.  Again, these matters are set forth in detail in Mr. Caliri's Rule 26 Report.

Defendants also rely on the broad conclusion that they need additional hours to explore the various opinions set forth in his Mr. Caliri's Report.  However, Defendants have neglected to itemize any particular theories or subject matters that will require lengthy questioning.  Instead, Defendants simply assert that the various facts relied upon by Mr. Caliri may be subject to dispute and that Defendants should accordingly be given seven additional hours to question Mr. Caliri.  Once again, Defendants have had at least ten preceding opportunities to explore these matters with Mr. Caliri and their Memorandum sets forth no particular basis as to why additional time should be sanctioned by this Court.

Finally, Defendants argue that the compensatory damage alleged, plus the possibility of exemplary damages, suggests that this is an important case worthy of additional discovery time.  While Plaintiffs certainly agree that this is an important case, Defendants' actions belie their

assertions. As mentioned above, this is a disability claim wherein Plaintiffs seek recovery of monetary and other benefits contracted for with Defendants and described in Plaintiff's disability policy. As of this time, the Defendants have refused to pay Plaintiff's disability benefits and have failed to make any settlement offers for this claim. Clearly, Defendants' actions contradict their assertion that "this is a significant case, a significant witness, and a significant amount of money at issue."

Conclusion

For all of the reasons set forth above, Defendants' Motion to Enlarge Deposition Time should be denied.

Respectfully submitted,

_____/s/_____
RANDALL F. SMOUSE
Federal Bar No.: 11784

_____/s/_____
WILLIAM H. OWENS
Federal Bar No.: 06066

Owens & Smouse, LLC
113 Old Padonia Road, Suite 100
Hunt Valley, Maryland 21030
410-453-5757
Attorneys for Plaintiffs