UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT A. LOCASTRO, D.O., *et al.*,          *

    Plaintiffs,                                  *

v.                                            *   Civil Action No. WMN 02-781

THE PAUL REVERE LIFE INSURANCE                *
COMPANY, *et al.*,
                                              *
    Defendants.
                                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OF LAW IN SUPPORT OF
THE PAUL REVERE LIFE INSURANCE COMPANY'S
<u>MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS</u>

    Co-defendant The Paul Revere Life Insurance Company ("Paul Revere"), pursuant to Md. Local Rule 105.1, submits this memorandum of law in support of its motion to compel discovery and for sanctions.

                        I.      <u>STATEMENT OF FACTS</u>

    On June 20, 2003, Paul Revere served its first set of interrogatories on Plaintiffs. (*See* ex. 1.) These interrogatories sought information relevant to the remaining claims in the Amended Complaint. Answers were due to be served by July 21, 2003. On July 25, 2003, no answers had been received, and Paul Revere's counsel wrote to Plaintiffs' counsel seeking discovery responses. On July 31, 2003, Plaintiffs served answers to the interrogatories. (*See* ex. 2.) Plaintiffs' answer to interrogatory number 4, an expert interrogatory, however, was evasive and incomplete.

    On July 7, 2003, Plaintiffs served a Disclosure of Expert Testimony. (*See* ex. 3.) Plaintiffs identified 3 expert witnesses and 48 alleged hybrid fact/expert witnesses, including 22 treating health-

care providers (identified at paragraphs 2.a. through 2.v.), 13 present or former employees of one or more of the Defendants in this action, and numerous other individuals.

## II.   ARGUMENT

A.   <u>The Discovery Request To Which This Motion to Compel Is Directed</u>

<u>INTERROGATORY NO. 4</u>: Identify by name, address, and telephone number each person whom you intend to call as an expert witness at trial, or whose expert opinion testimony you intend to introduce at trial, including, without limitation, any hybrid fact/expert witnesses, and as to each such witness, provide the following: *(i) a complete statement of all opinions to be expressed and the basis and reasons therefore: (ii) the data or other information considered by the witness in forming the opinions*: (iii) the qualifications, resume, or curriculum vitae of the witness, including a list of all publications written by the witness in the preceding ten years; (iv) the compensation to be paid for the witness's preparation and testimony; and (v) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. (Emphasis added.)

<u>ANSWER</u>:   See Plaintiffs' Rule 26(a)(2) expert witness disclosure previously submitted. Plaintiffs intend to call at trial the three listed retained experts. As for the hybrid witness [sic] listed therein, Plaintiffs intend to call at trial Dr. Lauerman, Dr. Spevak, Dr. Curcio, Dr. Loeffler, Dr. Herbert, and Dr. Burkett. Dr. Lauerman's CV can be found at LP4 08453 through 08466. The CV's of the other physicians are being gathered. They will be produced upon receipt. Plaintiffs reserve the right to call each and any health care provider identified in Answer to Interrogatory No. 1 or in Plaintiffs [sic] Rule 26(a)(2) witness disclosure or elsewhere in the discovery produced by any party.

<u>REASON FOR MOTION</u>:   Plaintiffs' reference to the Rule 26(a)(2) disclosure is inadequate because the disclosure does not contain the opinions, or the basis for the opinions to be expressed by Drs. Lauerman, Spevak, Curcio, Loeffler, Herbert, and Burkett, or any of the numerous other health-care providers identified in Plaintiffs' answer to interrogatory number 1 and Plaintiffs' Rule 26(a)(2) disclosure. In view of the fact that treating physicians ordinarily are not required to provide a Rule 26 report, service of an expert interrogatory is a reasonable and authorized means for Paul Revere to obtain

details of the hybrid fact/expert opinion testimony. *See Sullivan v Glock, Inc.,* 175 F.R.D. 497, 502 (D. Md. 1997) ("an interrogatory question … asking for the opinions and factual bases of all witnesses who would provide opinion testimony [citation omitted] … would be an independent method of requiring the plaintiff to disclose this information for hybrid witnesses, and the failure to answer such an interrogatory may be separate grounds to support a motion to exclude the opinion testimony of a hybrid witness.").

In his August 15, 2003 letter, Plaintiffs' counsel claims that production of medical records and reports is sufficient disclosure of the experts' opinions in answer to this interrogatory. As a threshold matter, general reference to medical records is patently insufficient to disclose specific expert opinions and the basis thereof. Moreover, medical records of providers identified by Plaintiffs are a poor and inadequate substitute for full and complete answers to interrogatories. Paul Revere should not have to scour medical records in an effort to ascertain the opinions anticipated from plaintiffs' experts. Moreover, Paul Revere can have no assurance on the parameters of the expert testimony without a full and complete answer to the expert interrogatory.[1]

Requiring Paul Revere to notice the depositions of all of the health care providers is no substitute for a full and complete answer to the expert interrogatory. Indeed, this would shift the burden of "discovering all opinions" in the deposition to Paul Revere and at Paul Revere's expenses. *See* Local Rule 104.10. Second, Paul Revere cannot prepare in advance of the deposition to confront the opinions to be expressed by the health care providers. This essentially gives the health care providers a free pass at the deposition. Moreover, this process may insulate the health care providers from vigorous cross-

---

[1] Plaintiffs' failure to provide a full and complete answer to the expert interrogatory with respect to Dr. Loeffler is particularly egregious inasmuch as he is not a hybrid fact/expert witness. Dr. Loeffler, an orthopedic surgeon, performed an independent medical examination on Dr. Locastro at the request of another insurance company. Dr. Loeffler examined Dr. Locastro once, in the context of that examination, and, therefore, is not a treating physician. Plaintiffs, therefore, must serve a Rule 26 report with respect to Dr. Loeffler. Plaintiffs have failed to serve such a report and also have failed to provide the information in response to the expert interrogatory.

3

examination at trial, because of inadequate exploration in deposition. Third, Plaintiffs contend that the Court's limit on deposition hours applies to their hybrid fact/expert witnesses. Thus, Paul Revere will be forced to use deposition time, which is limited, to obtain information it is entitled to obtain through answers to interrogatories.

### B. Filing Of This Motion And Memorandum Is Appropriate

Md. Local Rule 104.8 provides in pertinent part:

> **Procedure regarding motions to compel.** The following procedure shall be followed in litigating motions to compel answers to interrogatories and requests for production … as to which a response has been served. This procedure shall not govern motions to compel (a) answers to interrogatories or to requests for production … where no responses at all have been served …. Such … motions shall be filed with the Court and treated as any non-discovery motion ….

Rule 37(a)(3) of the Federal Rules of Civil Procedure provides: "**Evasive or Incomplete Disclosure, Answer, or Response**. For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

Plaintiffs did not interpose any objections in response to interrogatory 4. Instead, Plaintiffs simply failed to provide a complete answer to the interrogatory. By operation of Rule 37(a)(3), such an incomplete answer is tantamount to a failure to answer. *See Jayne H. Lee, Inc. v. Flagstaff Industries Corp.*, 173 F.R.D. 651, 653 n.6 (D. Md. 1997) ("Because Fed. R. Civ. P. 37(a)(3) states that an evasive or incomplete answer to an interrogatory is treated as a failure to answer or respond, and Rule 33(b)(4) provides that a failure to object to an interrogatory is waived if not timely made, a party who answers an interrogatory in an incomplete or evasive manner, without having objected to it, will have waived the ability to do so if, upon ruling on a motion to compel, the court directs that the interrogatory be answered."); *see also id.* at 656 ("Fed. R. Civ. P. 37(a)(3) provides that an evasive or *incomplete* answer

or response to a discovery request, including a request for production of documents, 'is to be treated as a failure to disclose, *answer, or respond*.' Thus, a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time, place, and manner is not a complete answer [citations omitted] … and, therefore, is treated as a failure to answer or respond. The procedures set forth in local Rule 104.8 are therefore inapplicable, and the moving party is free to file a motion to compel and for sanctions ….") (Emphasis in original.)

      C.      **The Court Should Order Plaintiffs, Their Counsel, Or All Of Them To Pay The Reasonable Expenses, Including Attorney Fees, Incurred In Making This Motion**

Despite Paul Revere's attempts to obtain a full and complete answer to its expert interrogatory, Plaintiffs continue to refuse to provide an answer that complies with the Federal Rules of Civil Procedure. As a result, Paul Revere's ability to defend this action has been substantially impaired. For this reason, and because there is no justifiable basis for Plaintiffs' refusal to answer fully this interrogatory, the Court should require Plaintiffs, or their counsel, or all of them, to pay to Paul Revere the reasonable expenses, including attorney fees, it has incurred in making this motion. *See* Fed. R. Civ. P. 37(a)(4).

### III.   CONCLUSION

For the reasons stated, The Paul Revere Life Insurance Company's motion to compel and for sanctions should be granted.

        Respectfully submitted,

_____/s/_____
Bryan D. Bolton
Federal Bar No.: 02112
Derek B. Yarmis
Federal bar No.: 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for Defendants

Dated: September 2, 2003

20014.015:66569v4