UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT A. LOCASTRO, D.O., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-781 |
| THE PAUL REVERE LIFE INSURANCE COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

CERTIFICATE OF GOOD-FAITH EFFORTS
TO RESOLVE DISCOVERY DISPUTE WITH PLAINTIFFS

The undersigned counsel for co-defendant The Paul Revere Life Insurance Company ("Paul Revere"), pursuant to Fed. R. Civ. P. 37(a)(2)(B) and Md. Local Rule 104.7, hereby certifies that good-faith efforts were made to confer with counsel for Plaintiffs in an effort to resolve a dispute among the parties concerning Plaintiffs' answers to Paul Revere's interrogatories. The specifics of the good-faith efforts to confer with Plaintiffs' counsel follow:

On August 4, 2003, Defendants' counsel wrote to Plaintiffs' counsel advising of the deficiencies in the answer to an expert interrogatory. (*See* ex. 1.) Specifically, Defendant's counsel pointed out, *inter alia*, that with respect to various physicians previously disclosed as hybrid fact/expert witnesses, no information had been provided regarding the opinions to be expressed by these experts and the basis and reasons therefore. (*Id.*) In response to this letter, counsel for the parties conferred by telephone on the same day, but no agreement was reached on any of the issues detailed in the August 4, 2003 letter. Plaintiffs' counsel indicated he would respond to the letter in writing.

By letter dated August 14, 2003, Defendants' counsel advised Plaintiffs' counsel that no letter had been received in response to the August 4, 2003 letter.  (*See* ex. 2.)  Defendants' counsel advised that, if a response were not received, they would have to bring the matter to the Court's attention.  (*Id.*)  In response, Plaintiffs' counsel advised by letter dated August 15, 2003 that they had properly responded to Paul Revere's expert interrogatory by producing "every medical document and report."  (*See* ex. 3.)

On August 18, 2003, Defendants' counsel responded that Plaintiffs' counsel's August 15 letter did not address the disputed responses.  (*See* ex. 4.)  In particular, it was pointed out that the production of medical records was not a substitute for the obligation to respond to an interrogatory.

Plaintiffs' counsel responded by letter dated August 18, 2003, advising that no further information would be provided in response to Paul Revere's expert interrogatory.  (*See* ex. 5.).  In response, Defendants' counsel advised Plaintiffs' counsel that Defendants cannot designate expert witnesses without a proper response to Paul Revere's expert interrogatory.  (*See* ex. 6.)

Respectfully submitted,


_____/s/_____
Bryan D. Bolton
Federal Bar No. 02112
Derek B. Yarmis
Federal Bar No. 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for Defendants

Dated:  September 2, 2003
20014.015:66586v2