# FUNK & BOLTON

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
TWELFTH FLOOR
36 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3111
(410) 659-7700
FACSIMILE (410) 659-7773

DAVID M. FUNK
BRYAN D. BOLTON
BRYSON F. POPHAM
REN L. TUNDERMANN
DEREK B. YARMIS
CHARLES D. MacLEOD
JEFFERSON L. BLOMQUIST
LINDSEY A. RADER

HUGH M. BERNSTEIN
JAMES F. TAYLOR
PETER C. ISMAY
CHERYL A. C. BROWN
HISHAM M. AMIN
COLIN BELL

OF COUNSEL
JOHN A. ANDRYSZAK
GARY C. HARRIGER
MICHAEL R. McCANN
STEPHEN Z. MEEHAN
J. FRANK NAYDEN
DEBORAH R. RIVKIN
JOHN R. STIERHOFF

Writer's Direct Dial: (410) 659-7762
dyarmis@fblaw.com

August 4, 2003

William H. Owens, Esquire
Randall F. Smouse, Esquire
Owens & Smouse, LLC
113 Old Padonia Road, Suite 100
Hunt Valley, Maryland 21030

Via Facsimile
and U.S. Mail

Re:     *Locastro v. The Paul Revere Life Insurance Company, et al.*

Gentlemen:

Receipt on July 31, 2003 of Plaintiffs' answers to interrogatories, response to request for production of documents, and three CD-ROMs is acknowledged. Although our review of the answers, response, and CD-ROMs is not yet complete, I am writing in an effort to resolve certain deficiencies identified during our preliminary review.

Interrogatory number 4 requests the identity of and certain information concerning each person whom Plaintiffs intend to call as an expert witness at trial, or whose expert opinion testimony they intend to introduce at trial, including, without limitation, any hybrid fact/expert witnesses. In response, Plaintiffs identified their three retained experts and incorporated by reference each expert's respective Rule 26 report. Plaintiffs, however, also identified six treating physicians who previously were disclosed as hybrid fact/expert witnesses without providing any of the information requested in the interrogatory, including, without limitation, a complete statement of all opinions to be expressed and the basis and reasons therefor. Further, Plaintiffs have purported to "reserve the right to call each and any health care provider identified in Answer to Interrogatory No. 1 or in Plaintiffs [sic] Rule 26(a)(2) expert witness disclosure or elsewhere in the discovery produced by any party" without providing any of the requested information. Plaintiffs' answer to this interrogatory is clearly deficient. *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 n.7 (D. Md. 1997) (recognizing that an interrogatory is an independent method of requiring a party to disclose the opinions and factual bases of hybrid fact/expert witnesses and that the failure to answer such an interrogatory may be separate grounds to support a motion to exclude the opinion testimony of a hybrid witness).



**FUNK & BOLTON**

A PROFESSIONAL ASSOCIATION

William H. Owens, Esquire
Randall F. Smouse, Esquire
August 4, 2003
Page 2


As you know, Plaintiffs' discovery responses were due to be served by July 22, 2003. Defendants were anticipating a timely and complete answer to interrogatory number 4 (particularly with respect to the hybrid fact/expert witnesses for which Rule 26 expert reports were not served) so that they could evaluate the need for expert designations and timely serve expert disclosures by the August 4, 2003 deadline. Inasmuch as the answers were untimely served and the answer to interrogatory number 4 is clearly deficient, Defendants do not have the information necessary to timely designate expert witnesses. Defendants' inability to obtain from Plaintiffs' answers to interrogatories the information necessary to timely designate expert witnesses is compounded by Plaintiffs' position with respect to deposition hours.

Please contact me as soon as possible to advise whether Plaintiffs will serve a full and complete answer to interrogatory number 4 with respect to each hybrid fact/expert witness. Also, please advise if Plaintiffs will stipulate to an extension of the scheduling order such that the deadline for Defendants to designate experts is extended until two weeks after Plaintiffs serve a full and complete answer to interrogatory number 4, and all other deadlines are similarly extended.

In answer to interrogatory number 6, Plaintiffs state that the "pattern of racketeering activity is evidenced by instances of use of interstate wires *including* . . . ." (Emphasis added.) Please have Plaintiffs serve an amended answer to interrogatory number 6 clarifying whether there were any alleged instances of wire fraud other than those specifically set forth in the answer. If Plaintiffs allege any other instances, then please provide the requested information with respect to each instance.

In response to document request number 5, Plaintiffs refer to the documents identified in the expert report of Frank Caliri III and state "Plaintiffs trust you will receive them [from Mr. Caliri]." Plaintiffs have an independent obligation to produce these documents, even though Mr. Caliri may have them and may produce them in response to the subpoena issued to him. That being said, we have no need to obtain multiple copies of the same documents. Please have Plaintiffs amend their response to indicate that all responsive documents will be produced. If Plaintiffs confirm in writing that all responsive documents are among the documents produced by Mr. Caliri in response to the subpoena, then there will be no need to produce anything further in response to request number 5.

In response to document request number 11, Plaintiffs state that the "CV's of the other hybrid witnesses are being gathered." Please advise when we can expect to receive copies of the CVs inasmuch as this also impacts on our ability to identify experts.

**FUNK & BOLTON**

A PROFESSIONAL ASSOCIATION

William H. Owens, Esquire
Randall F. Smouse, Esquire
August 4, 2003
Page 3

Lastly, the service copy of the answers to interrogatories that we received does not include your signature, as required by Fed. R. Civ. P. 11(a). Please fax us the missing signature page.

I would appreciate a response to the issues raised in this letter by Wednesday, August 6, 2003. Thank you for your attention to this matter.

Sincerely,

Derek B. Yarmis

20014.015: 66024v2

# MESSAGE CONFIRMATION

```
                                08/04/2003  10:39
                                ID=FUNK AND BOLTON


   DATE          S,R-TIME    DISTANT STATION ID   MODE     PAGES   RESULT

   08/04         01'19"      410 453 5755         CALLING   04     OK      0000
```

```
08/04/2003    10:37    FUNK AND BOLTON → 14104535755                    NO.616    P01
```

## FUNK & BOLTON, P.A.
### TWELFTH FLOOR
### 36 SOUTH CHARLES STREET
### BALTIMORE, MARYLAND 21201-3111
### (410) 659-7700
### FAX: (410) 659-7773

## FACSIMILE TRANSMISSION COVER SHEET

### August 4, 2003

Number of pages:  4

To:        William H. Owens, Esquire
           Randall F. Smouse, Esquire
           Owens & Smouse

           Fax:  410.453.5755              Telephone:  410.453.5757


Sender:    Derek B. Yarmis                 Direct Dial:  410.659.7762
Assistant: Kathy Gibbons                   Direct Dial:  410.659.7760

**FUNK & BOLTON**

A PROFESSIONAL ASSOCIATION

ATTORNEYS AT LAW

TWELFTH FLOOR

36 SOUTH CHARLES STREET

BALTIMORE, MARYLAND 21201-3111

(410) 659-7700

FACSIMILE (410) 659-7773

DAVID M. FUNK
BRYAN D. BOLTON
BRYSON F. POPHAM
REN L. TUNDERMANN
DEREK B. YARMIS
CHARLES D. MacLEOD
JEFFERSON L. BLOMQUIST
LINDSEY A. RADER

HUGH M. BERNSTEIN
JAMES F. TAYLOR
PETER C. ISMAY
CHERYL A. C. BROWN
HISHAM M. AMIN
COLIN BELL

OF COUNSEL
JOHN A. ANDRYSZAK
GARY C. HARRIGER
MICHAEL R. McCANN
STEPHEN Z. MEEHAN
J. FRANK NAYDEN
DEBORAH R. RIVKIN
JOHN R. STIERHOFF

Writer's Direct Dial: (410) 659-7762
dyarmis@fblaw.com

August 14, 2003

William H. Owens, Esquire
Owens & Smouse, LLC
113 Old Padonia Road, Suite 100
Hunt Valley, Maryland 21030

<u>Via Facsimile</u>

   Re: *Locastro v. The Paul Revere Life Insurance Company, et al.*

Dear Bill:

   This letter is in follow up to my August 4, 2003 letter regarding the deficiencies identified during our preliminary review of Dr. Locastro's discovery responses. When we spoke on August 4, 2003, you indicated that you were going to respond in writing to my letter. I have not yet received your response. Although we had a preliminary discussion regarding the issues raised in my letter, my recollection is that we did not reach an agreement on any of the issues.

   We continue to believe that Plaintiffs have an obligation to remedy the deficiencies identified in my August 4, 2003 letter. If I do not hear from you by Monday, August 18, 2003, then we will have no alternative but to bring this matter to the Court's attention.

   I look forward to hearing from you.

       Sincerely,

       Derek B. Yarmis

20014.015: 66362

EXHIBIT
2

LAW OFFICES OF

# O W E N S  &  S M O U S E

AUG 1 8 2003

A Limited Liability Corporation

August 15, 2003

<u>By Way of Fax and U.S. Mail</u>
Derek Yarmis, Esquire
Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
Fax No.: 410-659-7773

RE:    *Locastro, et al. v The Paul Revere Life Insurance Company, et al.*
Civil Action No.:  WMN 02-781

Dear Mr. Yarmis:

I write in response to your letter of August 14, 2003, and your original letter of August 4, 2003 regarding your claim of "deficiencies identified" in Plaintiffs' Responses to Defendants' written discovery.  As I indicated to you during our telephone conversation of August 4, 2003, after receipt of your fax correspondence of that date, referenced above, I see no such deficiencies.

Plaintiffs have provided you with over Ten Thousand (10,000) pages of responsive documents, which are, to my knowledge, all of the documents regarding this claim in our possession.  As you know, those documents are carefully and logically indexed, in a CD-ROM format, which is hot-linked to each actual document.  In addition, Plaintiffs have systematically answered Defendants' various Interrogatories and specifically responded to Defendants' Requests for Production of Documents, with precise Bates Numbered references to what we presently believe are the most relevant documents.

Accordingly, I generally see no basis to the request for supplementation identified in your August 4th letter.  Nevertheless, in an attempt to be courteous and conciliatory, I will respond briefly and in particular to the points raised in those letters.

You request that we supplement Plaintiff's Answer to Interrogatory No. 4 regarding expert witnesses.  In fact, we have given you every medical document and report in our possession.  While I do no believe Plaintiffs are obligated to obtain the CV's of each treating doctor, my partner and I have already made efforts to secure these CV's informally for you.  Assuming that we are able to obtain them, they will be provided to you.

William H. Owens
whowens@owens-smouse.com
www.owens-smouse.com

113 Old Padonia Road • Suite 1○○
Hunt Valley, Maryland 2103○
Telephone: 410-453-5757
Fax: 410-453-5755



EXHIBIT
3

Suburban D.C. Office
9911 Georgia Avenue
Silver Spring, Maryland 20902

Since you claim that you have been prejudiced by the lack of said CV's, I remind you that you are perfectly free to subpoena these CV's directly from these treating physicians, along with any other documents relevant to this claim. I should also advise you that Plaintiffs have no objection to your contacting the offices of each of the treating physicians, for the limited purpose of obtaining the CV's.  Under no circumstances would we countenance any discussion between Defendants' counsel and Dr. Robert A. Locastro's doctors, outside of our presence, regarding any substantive matter.  In the unlikely event that you consider our permission to contact the doctors directly, for the limited purpose of obtaining these CV's, to be waiver of any right or privilege Plaintiff may have, beyond simply obtaining the CV's, then please consider this offer of contact withdrawn.

As to any medical documents beyond the CV's, I am not certain that I even understand what you seek.  Obviously, as Plaintiff's treatment continues, we will supplement discovery by providing newly received reports and attendant medical documents.  As indicated above, we have no such documents to provide at this time.  Since I cannot believe that you would actually interpret the Rules to impose upon Plaintiffs some requirement that they pay Dr. Locastro's treating physicians and/or otherwise compel them to render additional reports, solely for the purposes of litigation, I remain uncertain as to what additional medical documents you could possibly seek.

Regarding the documents requested from expert witness Frank Caliri, III, I again have trouble understanding your request for supplementary discovery.  I believe this matter was addressed during our phone conversation of August 4th and in all likelihood resolved.  If you believe otherwise, please feel free to write to me setting forth exactly what information or documents you contend is still owed.

Finally, you complain that our Answers to Interrogatories were unsigned.  My interpretation of the Rules is that attorneys need sign only as to objections.  Nevertheless, neither my partner nor I have any problem signing Plaintiffs' Answers to Interrogatories.  However, as I pointed out to you during our August 4th telephone conversation, under your interpretation of the Rules, Defendants' Answers are likewise deficient as they were signed by counsel only as to the objections.  When I mentioned this to you on August 4th, you advised me that you wanted to think about your position and get back to me.  I continue to await your new position on this matter.

Your August 4th letter also includes a request for an extension of the Scheduling Order.  As I indicated to you during our telephone conference of that date, Plaintiffs cannot agree to any such extension.  Given the prior claims made against Defendants for similar disability denials, given your law firm's familiarity and involvement with those claims, given the considerable resources of both Defendants and their counsel, given the delays attendant to Defendants' denial of Dr. Locastro's claim, given the delays attendant to transferring jurisdiction to this Court, given that the Scheduling Order has already been once extended and, perhaps most importantly, given the very complete and extensive discovery already furnished by Plaintiffs, I can see no reason to

Derek Challenger, Esquire
August 15, 2003
Page 3 of 3

extend the Scheduling Order to accommodate Defendants. Unless my partner or I indicate to you otherwise in writing, you may presume that we wish to make all reasonable efforts to adhere to Judge Nickerson's Scheduling Order.

I hope this letter clarifies any confusion regarding the discovery matters addressed and I hope that you now consider all such issues resolved. In the event that disputes remain, I request, as a courtesy, that you write to me and set forth the basis of any such continuing disputes regarding Plaintiffs' written discovery responses.

I thank you for your attention to this matter and I remain

Very truly yours,

WILLIAM H. OWENS

WHO:rcc
Copy to:      Bryan Bolton, Esquire, by U.S. Mail only
              Robert O. Locastro, by U.S. Mail only

# FUNK & BOLTON

DAVID M. FUNK
BRYAN D. BOLTON
BRYSON F. POPHAM
REN L. TUNDERMANN
DEREK B. YARMIS
CHARLES D. MacLEOD
JEFFERSON L. BLOMQUIST
LINDSEY A. RADER

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
TWELFTH FLOOR
36 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3111
(410) 659-7700
FACSIMILE (410) 659-7773

HUGH M. BERNSTEIN
JAMES F. TAYLOR
PETER C. ISMAY
CHERYL A. C. BROWN
HISHAM M. AMIN
COLIN BELL

OF COUNSEL
JOHN A. ANDRYSZAK
GARY C. HARRIGER
MICHAEL R. McCANN
STEPHEN Z. MEEHAN
J. FRANK NAYDEN
DEBORAH R. RIVKIN
JOHN R. STIERHOFF

Writer's Direct Dial: (410) 659-7762
dyarmis@fblaw.com

August 18, 2003

Via Facsimile
and U.S. Mail

William H. Owens, Esquire
Owens & Smouse, LLC
113 Old Padonia Road, Suite 100
Hunt Valley, Maryland 21030

      Re:    *Locastro v. The Paul Revere Life Insurance Company, et al.*

Dear Bill:

      Thank you for your August 15, 2003 letter. Your letter fails to respond to some of the points raised in my August 4, 2003 letter. For example, Dr. Locastro's production of various medical records is not a substitute for his obligation to respond completely to interrogatory number 4. Dr. Locastro's obligations in this regard are very clear and have not been satisfied.

      The various delays mentioned in your letter, many of which are attributable to Dr. Locastro, not Defendants, have no bearing on whether the scheduling order needs to be modified. The scheduling order needs to be modified because Plaintiffs have failed to provide the information Defendants need to cross-designate expert witnesses. Dr. Locastro can agree to provide the outstanding information responsive to interrogatory number 4 and stipulate to a short extension of the expert, discovery and dispositive motions deadlines. Alternatively, Defendants can file a motion to compel discovery and a motion for an extension of the expert, discovery and dispositive motions deadlines. Given the time needed to brief and obtain a ruling on such motions, the latter option likely will further delay this action.

      Your letter does not respond to the issue I identified concerning Dr. Locastro's answer to interrogatory number 6. I assume Dr. Locastro does not intend to provide the requested clarification.

      The issue regarding Plaintiffs' response to document request number 5 has not been resolved. As I explained during our August 4, 2003 telephone conversation, Paul Revere is not asking Plaintiffs to produce the same documents that Mr. Caliri is producing in response to the subpoena issued to him. Rather, Paul Revere is merely requesting that Plaintiffs amend their response to document request number 5, as requested in my August 4, 2003 letter, and confirm, in writing, that all responsive documents are among the documents produced by Mr. Caliri in response to the subpoena.



EXHIBIT
4

**FUNK & BOLTON**

A PROFESSIONAL ASSOCIATION

William H. Owens, Esquire
August 18, 2003
Page 2


Defendants believe that the CVs, if not in Plaintiffs' actual possession or custody, are within their control inasmuch as the treating health-care providers have been designated by Plaintiffs as expert witnesses. That Defendants could issue 22 subpoenas to each of the treating health-care providers seeking production of the CVs does not mean Plaintiffs do not have an obligation to produce the CVs in response to document request number 11.

Thank you for agreeing to sign the answers to interrogatories, as required by Fed. R. Civ. P. 26(g)(2). (I incorrectly referenced Fed. R. Civ. P. 11(a) in my August 4, 2003 letter.) Please fax us the signature page by August 20, 2003.

Since we spoke, I have reviewed Defendants' answers to interrogatories. The prefatory language, "as to the objections", was included to make clear that counsel's signature was not part of the verification directly above. By signing the answers, our intention was to satisfy the signature requirement of Fed. R. Civ. P. 26(g)(2). If the prefatory language confused you in this regard, then please accept this letter as clarification.

Lastly, we are compelled to respond to your instruction that we not speak with any of Dr. Locastro's physicians, outside of your presence, regarding any substantive matter. I am not aware that you or any other lawyer is representing any of Dr. Locastro's physicians in connection with this matter. If I am mistaken in this regard, then please so advise. Otherwise, we view Dr. Locastro's physicians as witnesses who may be informally interviewed, formally deposed, or both. If you are aware of any authority to the contrary, then please share it with me.

Please contact me by August 20, 2003 to advise whether Plaintiffs are willing to take the corrective action necessary to avoid burdening the Court with further discovery motions. I look forward to hearing from you.

Thank you for your attention to this matter.


Sincerely,

Derek B. Yarmis


20014.015: 66405

LAW OFFICES OF

# O W E N S  &  S M O U S E

AUG 1 9 2003

A Limited Liability Corporation

August 18, 2003

<u>By Way of Fax and U.S. Mail</u>
Derek Yarmis, Esquire
Funk & Bolton, P.A.                                  ***DICTATED BUT NOT READ***
Twelfth Floor
36 South Charles Street
Baltimore, Maryland 21201-3111
Fax No.: 410-659-7773

              RE:    *Locastro, et al. v The Paul Revere Life Insurance Company, et al.*
                        Civil Action No.: WMN 02-781

Dear Mr. Yarmis:

I write in response to your letter of August 15, 2003. Preliminarily, I generally disagree with every assertion in your letter. Furthermore, I do not intend to respond individually to each of these various misstatements, as I believe that most have been substantially and adequately addressed in prior correspondence and conversation. I will respond to a few disparate points as set forth below.

First, Plaintiffs will not agree to any extension of Defendants' Expert Disclosure deadline. In addition to stating such in numerous and various letters, I spoke with you directly on August 4, 2003, the very day that your expert designations were due. I reminded you that your expert reports were due and I urged you to file expert reports that very day. I also advised you that Plaintiffs could not consent to any extension of your expert witness deadline. You advised me that you did not intend to provide any designations and, in fact, you failed to even send me a list of the names of the experts whom you intended to call. At no point during our conversation, did you mention that the lack of CV's for Dr. Locastro's treating physicians was in any way delaying your designation of experts. In any event, you should file whatever motion you feel is necessary, as Plaintiffs will not consent to an extension of your expert witness deadline.

Second, as I believe I have indicated in prior correspondence and during earlier telephone conversations, Plaintiffs are attempting to obtain the CV's of Dr. Locastro's treating physicians. These doctors are certainly not under our control and I understand that my partner, Randy Smouse, has on at least one occasion been referred to a healthcare provider's legal department in order to obtain same. While we will do our best to provide you with whatever CV's we are able

William H. Owens
whowens@owens-smouse.com
www.owens-smouse.com

113 OLD PADONIA ROAD • SUITE 100
HUNT VALLEY, MARYLAND 21030
TELEPHONE: 410-453-5757
FAX: 410-453-5755

Suburban D.C. Office
9911 Georgia Avenue
ver Spring, Maryland 20902

**EXHIBIT
5**

to obtain voluntarily, I again invite you to seek this discovery independently if you are genuinely anxious to receive same. As for the additional materials requested in Interrogatory No. 4, Plaintiffs have no intention of providing any further documents, beyond what has already been produced and the CV's discussed above, absent a Court Order. Again, if you genuinely believe that you are entitled to this discovery, then I suggest you file whatever motion you deem appropriate. I should advise you that I consider the entire the issue frivolous and harassing and will review this issue when filing Plaintiffs' opposition.

Third, as to your claim of entitlement to contact Dr. Locastro's physicians or other healthcare providers, I beg to differ. Dr. Locastro's healthcare providers have been designated as hybrid fact/expert witnesses, and you and your partner Mr. Bolton have filed pleadings contending that they should be treated as expert witnesses. Certainly, you are not in any position to contact witnesses designated as experts by opposing parties. This is one reason that I specifically requested your reasoning regarding your ability to contact Dr. John Bianchi. In other words, if you intended to designate Dr. Bianchi as an expert witness, then I suspect, without intending any waiver or prejudice, that Plaintiffs and their counsel would be required to refrain from contacting Dr. Bianchi. Even though you have failed to designate Dr. Bianchi as an expert witness, my partner and I have nevertheless, to this point, refrained from contacting him. I suggest that you exercise similar restraint regarding Dr. Locastro's treating physicians; if you fail to do so, on behalf of myself and Dr. Locastro, we will seek redress and justice by any means allowed by law, including the Attorney Grievance Commission.

As to signing the Answers to Interrogatories, the prefatory language did not "confuse me." In fact, when I brought this matter to your attention in subsequent conversation, you were the one that was confused and had no answer as to the purpose of your limitation. It is only belatedly, that you have chosen to first address this issue in your August 15, 2003 correspondence.

I am unwilling to accept your signature page as it presently stands, with the limiting language "as to the objections." I again request that you prepare an entirely new signature page and sign the Interrogatories without any such reservation. If you intend to limit your signature to the objections, then you surely could have no principled opposition to Plaintiffs' willingness to do likewise. However, since there are no objections in Plaintiffs' response to your written discovery, there would therefore be no point in so signing Plaintiffs' Answers.

Ultimately, I am willing to resolve the signature page issue in one of two ways. First, you will prepare a new signature page where you and Mr. Bolton sign the various written discovery documents on behalf of your respective clients without reservation. If you agree to do so in writing by a date certain, I will make all reasonable attempts to likewise to complete a new signature page or sign the existing signature page and send same to you. However, if this signature page imbroglio is just one more effort to impose a standard upon Plaintiffs which you gleefully flout on behalf of your own clients, the I will be forced to draw the line at this point and advise you to seek redress directly with the Court. I ultimately feel that wasting the Court's time

Derek Yearns, Esquire
August 18, 2003
Page 3 of 3

with this sort of nonsense is truly unprofessional, but you and your partner Mr. Bolton have returned our every effort at courtesy and cooperation with discourtesy and disingenuousness.

Finally, I remind you that you have failed to formally amend your Answers to Interrogatories. I iterate, yet again, that I am unwilling to accept an informal supplemental response from counsel. Given your conduct so far in this case, I have absolutely no assurance that you would accede to the admissibility of any such informal supplementation. Accordingly, please accept this letter as a further iteration that Plaintiffs require a formal and signed supplemental response to the various answers so far discussed. Of course, I expect to file a Motion to Compel regarding those matters not presently in agreement.

I thank you for your attention to this matter and I remain

Very truly yours,

**DICTATED BUT NOT READ**

WILLIAM H. OWENS

WHO:rcc
Copy to:    Bryan Bolton, Esquire, by U.S. Mail only
            Robert O. Locastro, by U.S. Mail only

DAVID M. FUNK
BRYAN D. BOLTON
BRYSON F. POPHAM
REN L. TUNDERMANN
DEREK B. YARMIS
CHARLES D. MACLEOD
JEFFERSON L. BLOMQUIST
LINDSEY A. RADER

**FUNK & BOLTON**

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
TWELFTH FLOOR
36 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3111
(410) 659-7700
FACSIMILE (410) 659-7773

HUGH M. BERNSTEIN
JAMES F. TAYLOR
PETER C. ISMAY
CHERYL A. C. BROWN
HISHAM M. AMIN
COLIN BELL

OF COUNSEL
JOHN A. ANDRYSZAK
GARY C. HARRIGER
MICHAEL R. McCANN
STEPHEN Z. MEEHAN
J. FRANK NAYDEN
DEBORAH R. RIVKIN
JOHN R. STIERHOFF

Writer's Direct Dial: (410) 659-7762
dyarmis@fblaw.com

August 19, 2003

William H. Owens, Esquire
Owens & Smouse, LLC
113 Old Padonia Road, Suite 100
Hunt Valley, Maryland 21030

Via Facsimile
<u>and U.S. Mail</u>

Re:   *Locastro v. The Paul Revere Life Insurance Company, et al.*

Dear Bill:

Thank you for your August 18, 2003 letter in response to my August 18, 2003 letter regarding the deficiencies in Plaintiffs' discovery responses. I do not intend to respond to each of the sundry assertions in your letter and, therefore, generally deny every assertion to which I do not specifically respond.

With regard to expert disclosures, I advised you when we spoke on August 4, as I advised you in my August 4 letter, that Defendants cannot designate expert witnesses without the information Plaintiffs are obligated, but failed to provide in response to interrogatory number 4. I also advised you in my August 4 letter that Plaintiffs' failure to produce their experts' CVs also has impacted Defendants' ability to identify experts. Assuming you had read and understood my letter, I did not see any need to repeat that point during our telephone conversation later that day.

Your threat to seek "redress and justice by any means allowed by law, including the Attorney Grievance Commission" is entirely unnecessary. I had requested whatever authority supports your belief that we cannot contact Dr. Locastro's treating health-care providers on substantive matters, but such authority is conspicuously absent from your letter.

We continue to believe that we are at liberty to contact Dr. Locastro's treating health-care providers to discuss substantive matters. First, there is no physician-patient privilege and, to the extent any such privilege exists, Dr. Locastro waived the privilege by filing this action. Second, you have previously represented that Dr. Locastro's treating health-care providers will testify primarily to factual matters. It is fundamentally unfair to deny us access to witnesses who you



**FUNK & BOLTON**
A PROFESSIONAL ASSOCIATION

William H. Owens, Esquire
August 19, 2003
Page 2

claim are primarily fact witnesses solely because Dr. Locastro has designated them as hybrid fact/expert witnesses, while Dr. Locastro has unbridled access to these witnesses. Once again, if you are aware of any authority to the contrary, please so advise. Also, if you continue to believe that we cannot contact Dr. Locastro's treating health-care providers regarding substantive matters, then please feel free to file a motion for protective order.

With respect to the signature page issue, enclosed please find new signature pages executed on behalf of The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, UnumProvident Corporation, and Provident Companies, Inc. Please note that, although these signature pages were signed today, they are dated July 22, 2003, when the answers to interrogatories to which they should be appended were served. Inasmuch as The Paul Revere Insurance Group only served objections to the interrogatories, we believe that the existing signature page is sufficient. Per your agreement, please provide us with a new signature page as soon as possible. If there is any reason why a new signature page cannot be faxed and mailed to us by week's end, then please so advise.

As previously agreed, we intend to formally supplement the answers to interrogatories as per my July 30, 2003 letter. I have been waiting to hear back from you in response to my August 5, 2003 letter so that the answers can be supplemented once, rather than in a piecemeal fashion. As soon as I hear back from you in response to my August 5 letter, I will prepare the supplemental answers.

Thank you for your attention to this matter.

Sincerely,

Derek B. Yarmis

Enclosures
DBY:kjg
20014.015: 66455