UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT A. LOCASTRO, D.O., *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. WMN 02-781 |
| THE PAUL REVERE LIFE INSURANCE COMPANY, *et al.*, | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER

Defendants, The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation, pursuant to Md. Local Rule 105.1, file this Memorandum of Law in Support of their Motion to Modify Scheduling Order.

I. FACTUAL BACKGROUND

On August 12, 2002, Plaintiffs filed an 87 page, 260 paragraph amended complaint, seeking, *inter alia*, compensatory, consequential, and punitive damages for various contract, tort, and RICO claims. (*See* Am. Compl., *passim*.)[1] The Court granted in part and denied in part Defendants' motions to dismiss or for summary judgment. (*See* Mem. and Order dated March 17, 2003.)  Various contract, tort and RICO claims, however, survived the motions. (*Id.*)

---

[1] On April 2, 2003, Plaintiffs filed an Amendment by Interlineation, substituting "Provident Companies, Inc." for "Provident Insurance Companies, Inc." (*See* Amendment by Interlineation.)

On May 6, 2003, the Court issued a Scheduling Order, establishing the following deadlines pertinent to this motion:

| | |
|---|---|
| Defendant's Rule 26(a)(2) disclosures re experts | August 4, 2003 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures re experts | August 18, 2003 |
| Rule 26(e)(2) supplementation of disclosures and responses | August 25, 2003 |
| Discovery deadline; submission of status report | September 18, 2003 |
| Requests for admission | September 25, 2003 |
| Dispositive pretrial motions deadline | October 20, 2003 |

In accordance with the Scheduling Order, Plaintiffs, on July 7, 2003, served a Disclosure of Expert Testimony. (*See* ex. 1.) Plaintiffs identified 3 expert witnesses and 48 alleged hybrid fact/expert witnesses, including 22 health-care providers (identified at paragraphs 2.a. through 2.v.), 13 present or former employees of one or more of the Defendants, and numerous other individuals.

Co-defendant The Paul Revere Life Insurance Company ("Paul Revere") served its first set of interrogatories on Plaintiffs on June 20, 2003. (*See* ex. 2.) Plaintiffs' answers to interrogatories were due to be served by July 21, 2003, but were not served until July 31, 2003.[2] Plaintiffs' counsel never sought an extension of time from Defendants' counsel.[3] Plaintiffs' answers to interrogatories not only

---

[2] Paul Revere also served a request for production of documents on June 20, 2003, and the response thereto likewise was belatedly served on July 31, 2003.
[3] Notably, Plaintiffs' counsel advised Defendants' counsel that they would not grant any extension of the deadline for Defendants to serve responses to Plaintiffs' discovery. (*See* ex. 3.) When Defendants' counsel requested a three-day extension of the deadline to serve discovery responses, Plaintiffs' counsel refused. (*See* exs. 4 and 5.) Plaintiffs' failure to timely respond to Paul Revere's discovery is particularly egregious in light of their counsel's unreasonable position.

2

were belatedly filed, but the answer to Paul Revere's expert interrogatory (interrogatory number 4) was incomplete and evasive.[4]  (*See* ex. 6).

By letter dated August 4, 2003, Defendants' counsel requested that Plaintiffs stipulate to an extension of the Scheduling Order such that the deadline for Defendants to designate experts would be extended until two weeks after Plaintiffs serve a full and complete answer to interrogatory number 4. (*See* ex. 7.)  Plaintiffs' counsel refused to stipulate to such an extension.  (*See* ex. 8.)

By letter dated August 18, 2003, Defendants' counsel again advised that the Scheduling Order needs to be modified because Plaintiffs failed to provide a full and complete answer to interrogatory number 4, and sought a stipulation to a short extension of the expert, discovery and dispositive motions deadlines.  (*See* ex. 9.)  Plaintiffs' counsel again refused.  (*See* ex. 10.)

After noticing approximately 11 depositions to be conducted within a three-week period before the discovery deadline, Defendants' counsel, by letter dated August 19, 2003, wrote:

> In order to complete discovery in an orderly manner, without imposing undue burden on either the parties or third-party witnesses, Defendants propose stipulating to 60 day extensions of the discovery, request for admission, and dispositive pretrial motions deadlines.  Defendants will agree that no further extensions will be allowed.  Given the magnitude of this case, and the amount of discovery that remains to be completed, we believe that this request is both reasonable and necessary to an orderly resolution of this action.  Please contact me as soon as possible to advise whether this proposal is acceptable to Plaintiffs.

(*See* ex. 11.)  To date, Plaintiffs' counsel has not responded to the letter.

Other discovery disputes abound.  Indeed, on July 18, 2003, Defendants filed a Motion to Clarify or, in the Alternative, Modify the Scheduling Order, in connection with a dispute among the parties regarding the number of deposition hours allocated per side.  This motion has been fully briefed.

---

[4] On September 2, 2003, Paul Revere filed a Motion to Compel Discovery and for Sanctions in connection with Plaintiffs' insufficient answer to the expert interrogatory.

Further, on August 22, 2003, Defendants filed a Motion to Enlarge Deposition Hours, seeking, pursuant to Fed. R. Civ. P. 30(d)(2), an enlargement of the number of hours to take the deposition of Plaintiffs' lead expert, Frank Caliri III. Moreover, given that Plaintiffs have identified fifty-one witnesses in their Disclosure of Expert Testimony (not to mention Plaintiffs and other fact witnesses), Defendants requested that Plaintiffs stipulate, pursuant to Fed. R. Civ. P. 30(a)(2)(A), to twelve depositions of witnesses per side (whether fact, expert, or hybrid fact/expert). (*See* ex. 12.) To date, Plaintiffs have not agreed to the requested stipulation.

Most recently, Defendants discovered that Plaintiffs might have concealed Dr. Locastro's treatment by a licensed certified social worker—clinical.[5] Specifically, on September 2, 2003, Defendants discovered, among the over 10,000 pages of documents produced by Plaintiffs, an invoice dated June 6, 1999, from Eugene Chiaverini & Associates, Inc. to Dr. Locastro. (*See* ex. 13.) On information and belief, Eugene Chiaverini is licensed in Maryland as a certified social worker—clinical.[6] The invoice appears to reflect that Dr. Locastro was seen by Mr. Chiaverini on January 28, February 11 and 24, March 3, 11, and 25, April 8 and 15, and June 6, 1999. This is significant because Dr. Locastro's claimed date of disability is February 1999. In their answers to interrogatories, however, Plaintiffs failed to disclose that Dr. Locastro was seen by Mr. Chiaverini. (*See* ex. 6, answers to interrog. nos. 1 and 3.) Dr. Locastro likewise did not disclose any treatment by Mr. Chiaverini to Paul Revere during the claim administration process. Defendants intend to serve a documents subpoena and, perhaps, a deposition subpoena on Mr. Chiaverini, but likely will need additional time to complete discovery on this new revelation.

---

[5] A licensed certified social worker—clinical is authorized to evaluate, diagnosis, and treat psychological conditions and mental disorders and provide psychotherapy. *See* Md. Code Ann., Health Occ. § 19-101(m)(4).
[6] A representative of the Maryland Board of Social Work Examiners provided this information telephonically on September 3, 2003.

4

II. ARGUMENT

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order. Recognizing that some flexibility was necessary, the drafters provided in Rule 16(b) that a "'schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . .'" *Potomac Elec. Power Co. v. Elec. Motor Supply*, 190 F.R.D. 372, 375 (D. Md. 1999). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003).

    A.    Defendants Have Diligently Sought Discovery From Plaintiffs And Third Parties

Good cause exists for modification of the Scheduling Order. Indeed, Defendants have diligently sought discovery by promptly serving interrogatories and document requests on Plaintiffs, followed by numerous document and deposition subpoenas on various experts and other third-party witnesses. Defendants also have noticed the deposition of Dr. Locastro. Notwithstanding these diligent efforts to complete discovery by the deadline prescribed in the Scheduling Order, numerous discovery disputes have arisen.

Plaintiffs' failure to serve a full and complete answer to interrogatory number 4 has prevented Defendants from having the information necessary to designate expert witnesses. (*See* Paul Revere's Mot. to Compel Disc. and for Sanctions and supporting Memo. of Law, both filed on Sept. 2, 2003, which are incorporated herein by reference.) Although Defendants have made various efforts to obtain the outstanding information from Plaintiffs' counsel, it became evident that the information would not be forthcoming. With the discovery deadline quickly approaching, Defendants had no alternative but to

notice the depositions of eight of Dr. Locastro's treating health-care providers without the benefit of knowing what opinion testimony they were going to offer.  Some of these depositions are scheduled to proceed immediately prior to the current discovery deadline, while others have been scheduled to proceed shortly after the discovery deadline in order to accommodate the schedules of counsel and the deponents.  Defendants, however, may need to notice the depositions of other hybrid fact/expert witnesses, including other treating health-care providers, once Defendants receive a full and complete answer to interrogatory number 4.  For this reason alone, the Scheduling Order should be modified so that Defendants have a reasonable opportunity after receiving a full and complete answer to interrogatory number 4 to serve expert disclosures and complete discovery regarding Plaintiffs' hybrid fact/expert witnesses.

Plaintiffs also have refused to stipulate to an enlargement of the number of hours Defendants have to take the deposition of Plaintiffs' lead expert, Frank Caliri III.  (*See* Paul Revere's Mot. to Enlarge Dep. Hours and supporting Memo. of Law, both filed on August 22, 2003, which are incorporated herein by reference.)  Although Defendants have nonetheless noticed Mr. Caliri's deposition, which is scheduled to be held in Los Angeles on September 16, 2003, Defendants will need to reconvene the deposition at a later date if the Court grants the motion.

Additionally, Plaintiffs appear to have concealed the fact that Dr. Locastro received treatment from a licensed certified social worker—clinical just prior to and for several months after his claimed date of disability.  This is significant because, even if Dr. Locastro is and has been unable to perform each and every important duty of his occupation, he is not entitled to disability benefits unless he has been receiving "regular and personal care of a Physician which, under prevailing medical standards, is appropriate for the condition causing the disability."  (*See* Am. Compl., ex. 1, Policy at pp. 6-7.)

Defendants are entitled to conduct discovery regarding any psychological conditions or mental disorders from which Dr. Locastro may suffer, whether any such conditions or disorders are the true cause of his alleged disability, and what, if any, care he has received for the conditions or disorders, from whom the care was received, and whether the care was appropriate under prevailing medical standards. For all of these reasons, good cause exists for modification of the Scheduling Order.

      B.      <u>Additional Considerations Support Modification Of The Scheduling Order</u>

Several other factors auger in favor of modification of the Scheduling Order. First, a pretrial order has not been entered, a trial date has not been set, and Plaintiffs would not suffer any prejudice from the requested modification of the Scheduling Order. *See Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991). Indeed, the Scheduling Order provides for four months of discovery and the requested extension will extend that period by only two months.

Second, notwithstanding the various discovery disputes, Defendants have proceeded with discovery to the fullest extent possible. The instant motion, therefore, is not a "stalling technique." *See Robinson v. T.J. Maxx, Inc.*, 148 F.R.D. 490, 492 (N.D.N.Y. 1993).

Third, this action is not a run-of-the-mill contract or tort action. Rather, Plaintiffs seek to impose liability against Defendants, in contract and tort, and under RICO, in connection with the issuance of, and adjudication of a claim under, a policy of disability insurance. Given the complexity of this action and the nature of the relief sought, the requested modification of the Scheduling Order is eminently reasonable and will promote the just and orderly adjudication of this matter.

## III. CONCLUSION

For the reasons stated, the Court should enter an order extending the deadline for Defendants' Rule 26(a)(2) disclosures re experts, and all subsequent deadlines set forth in the Scheduling Order dated May 6, 2003, by sixty days.

Respectfully submitted,

_____
Bryan D. Bolton
Federal Bar No.: 02112
Derek B. Yarmis
Federal bar No.: 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland 21201-3111
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for Defendants

Dated: September 4, 2003

20014.015:66636v4