UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT A. LOCASTRO, D.O., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-781 |
| THE PAUL REVERE LIFE INSURANCE COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

REPLY IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO ENLARGE NUMBER OF DEPOSITION HOURS

Defendants, The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation (collectively "Provident"), pursuant to Rule 30 of the Federal Rules of Civil Procedure, and Rule 105.1 of the Local Rules for the United States District Court for the District of Maryland, file this reply in further support of their motion to enlarge the number of deposition hours needed for a fair examination of one of plaintiffs' designated expert witnesses, Frank Caliri, III.

ARGUMENT

Plaintiffs, Dr. and Mrs. Locastro (the "Locastros") claim that Mr. Caliri's story is the same old story, so Provident does not need to question him carefully. The Locastros argue that Mr. Caliri has been deposed in other cases and, therefore, Provident should not bother finding out what Mr. Caliri has to say about this case. (Pl.'s Mem. Law. Supp. in Opp. to Def.'s Mot. to Enlarge Depositions Hours, hereinafter, "Pl.'s Opp.", at 1-2.)  Implicit in the Locastros' argument is that all of the cases in which

Mr. Caliri has previously been deposed are exactly the same as this case. Notably, however, the Locastros have not put any evidence before this Court to demonstrate that those cases are exactly the same as the Locastros' case. The reason for that glaring omission is obvious – those prior cases are not identical to the Locastros' case. Indeed, "no two cases are exactly the same." *Davis v. St. Louis Soutwestern Ry. Co.*, 106 F. Supp. 547, 553 (D. La. 1952); *see also U.S. v. Haje*, 159 F. Supp. 870, 873 (D.D.C. 1958) ("[o]f course rarely do two cases present exactly the same situation").

Contrary to the Locastros' argument, the fact that Mr. Caliri may have been deposed before does not support an argument to restrict deposition time. Just the opposite; each time Mr. Caliri testifies, there is more information about which he should be questioned. As the Committee Notes to Rule 30 specifically provide:

> [W]ith regard to expert witnesses, there may more often be a need for additional time – even after the submission of the report required by Rule 26(a)(2) – for full exploration of the theories upon which the witness relies.

Fed. R. Civ. P. 30, Committee Notes re: 2000 Amendments. Indeed, that very Committee Note demonstrates the fallacy of the Locastros' argument that Mr. Caliri need not be extensively deposed because, as a result of Mr. Caliri's Rule 26 report, "Defendants have been apprised clearly and in writing, of the detailed substance of Mr. Caliri's expected testimony." (Pl.'s Opp. at 1.)

It is notable that the Locastros do not propose to simply offer Mr. Caliri's testimony by deposition transcript from these other cases.[1] Rather, the Locastros propose to put Mr. Caliri on the stand to testify personally as to this case (not some prior case). The Locastros seek to have it both ways. They want to put Mr. Caliri on the stand personally to support their position in this case, but argue that

---

[1] Mr. Caliri resides in California and, thus, is outside the subpoena power of this Court. As such, his deposition testimony from those cases would be admissible. Fed. R. Civ. P.32(a)(3)(B).

Provident should only be entitled to know what Mr. Caliri's opinions are with respect to other cases. The disingenuousness of the Locastros' position is obvious.

The Locastros' Amended Complaint is 87 pages long containing some 260 paragraphs. They seek millions of dollars from numerous defendants. In support of their claims, the Locastros submitted Mr. Caliri's 28 page report that purports to be based upon more than 6,000 pages of documents spanning several years. The Locastros chose to bring a case of this magnitude; Provident did not request it. Just as the Locastros are entitled to make these broad and voluminous allegations, Provident should be permitted to fully prepare a defense to those claims. The Locastros would have this Court apply limitations designed for the most typical of cases to a case that is far from typical.

Provident should be permitted to fully explore the foundations for Mr. Caliri's opinions as well as how these underlying documents relate to that opinion and his interpretation of those documents. Moreover, Provident should be entitled to fully explore how Mr. Caliri's opinions relate to this specific case, not just some other case in some other jurisdiction involving some other person and some other claim.

The Locastros argue that Provident should be precluded from fully exploring Mr. Caliri's opinions and the foundations for those opinions because much of what Mr. Caliri relies upon "are part of Defendants' corporate history." (Pl.'s Opp. at 2.) Again, the Locastros provide no evidence to support that claim. Even if it is true, however, the Locastros miss the point. It is not necessarily what the documents upon which Mr. Caliri bases his opinions say that needs to be explored, it is how Mr. Caliri interprets those documents and how he uses them to form his opinions. If Mr. Caliri bases his opinion on Provident's corporate history, then Provident's actual corporate history is not what needs to be

explored with Mr. Caliri; it is what Mr. Caliri believes that corporate history to be. The two may have little in common.

Indeed, that Provident and the Locastros disagree as to the facts surrounding Provident's "corporate history" is demonstrated by Provident's Motion to Dismiss and the Locastros' Opposition to that Motion. As those papers demonstrate, the parties are in complete disagreement as to much of the Provident's corporate history and structure. The jury is not required to accept the Locastros' and Mr. Caliri's version of those facts just because they say it is so. Provident is entitled to present its own version of the facts. As such, Provident should be entitled to explore Mr. Caliri's interpretation of the documents upon which he relies so that if his interpretation, and thus the opinions based upon those interpretations, are incorrect, Provident can prepare a defense to those improper opinions.

The Locastros' arguments are circular as well. Their argument is essentially that Provident should not be able to question Mr. Caliri about his opinions simply because Mr. Caliri's opinions support the Locastros' claims. For instance, the Locastros argue that the corporate distinctness of each defendant should be disregarded in considering how many hours Mr. Caliri can be deposed, because Mr. Caliri and the Locastros have alleged that the various defendants acted in collusion and are jointly owned or have some other such relationship. (Pl.'s Opp. at 3.) In other words, Provident should not be able to contest the Locastros' claims of conspiracy and collusion because the Locastros have said their claims are true. The Locastros seem to forget that they are the plaintiffs in this case with the burden of proving the truth of their claims. The fact that they believe Provident did something or that they believe the various defendants are related in a certain way does not make it true. Unless the American justice system has been completely revamped without Provident's knowledge so that a plaintiff's allegations are accepted as gospel simply because the plaintiff makes those allegations, then Provident is entitled to

contest the Locastros' allegations and to prepare a defense. Since the Locastros' claims are based upon Mr. Caliri's opinions, Provident is entitled to explore the basis of those opinions and is entitled to explore them fully. In fact, each defendant is entitled to explore them fully. Unfortunately, in a case of this complexity, that takes time.

The Locastros also assert that Provident should be precluded from fully preparing a defense because Provident has "neglected to itemize any particular theories or subject matters that will require lengthy questioning." (Pl.'s Opp. at 3.) As an initial matter, Provident is not required to divulge its theories or provide Mr. Caliri advance notice of the specifics of his examination so that he can rehearse and prepare his answers. Moreover, the claim is simply untrue. In Provident's opening memorandum, Provident specifically identified some potential areas of questioning, including, but not limited to "[t]he respective roles, duties, and responsibilities of the various entities/defendants, as well as how each entity contributed to the conspiracy and RICO conduct." (Provident's Mem. Sup. Mot. to Enlarge Deposition Hours at 5.) Provident also explained in that memorandum that Mr. Caliri would be questioned about the substance of his report and the basis for his opinions, including the documents and other evidence he relies upon to form his opinions. *Id.*

The Locastros' final argument is completely absurd. They argue that despite the fact that they have made substantial allegations of serious wrongdoing and sued for millions of dollars, their claims are not significant enough to warrant full investigation by Provident because Provident has not offered to settle those claims. (Pl.'s Opp. at 3-4.) Again, unless Provident missed the Congressional enactment requiring all defendants to settle all claims, Provident should be entitled to prepare and put on a defense. The fact that Provident has not paid the Locastros' claims or offered to settle the Locastros' suit is not an indication that Provident does not consider this a significant case involving a significant amount of

money or that Mr. Caliri is a significant witness. It indicates only that Provident believes the Locastros' allegations are incorrect and that they are not entitled to the relief they seek.

Finally, this is an expert deposition, not just that of a fact witness. Clearly, the rule limiting deposition hours was meant to prevent witnesses from being oppressively subjected to burdensome depositions at great expense to them. As the Committee Notes to the rule expressly provide: "The Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances." *See* Fed. R. Civ. P. 30, Committee Notes re: 2000 Amendments. That is not a concern here. Mr. Caliri is a paid expert witness. Indeed, considering the number of cases in which the Locastros allege Mr. Caliri serves as an expert, he appears to be the prototypical "professional expert witness." There is no undue burden on Mr. Caliri. As an expert he is paid for his deposition time. Moreover, under the Rules of this Court, it is Provident, not the Locastros, who must pay for that time. Thus, the Locastros are not prejudiced by any additional deposition time.[2] Moreover, because Provident must pay for Mr. Caliri's time in the deposition, it hardly makes sense that Provident would seek to take a deposition longer than absolutely necessary.

The bottom line is that the Locastros have made broad ranging and extensive allegations of the most complex and significant kind and seek millions of dollars. They have alleged complex business relationships and conspiracies involving numerous entities, continuing over a lengthy period of time and allegedly affecting multitudes of people. Their amended complaint alone is 280 pages long. In support of their extensive claims, they rely upon the testimony of Mr. Caliri and Mr. Caliri's extensive 28 page

---

[2] Furthermore, the Locastros would not be subjected to additional attorneys fees by their attorneys attending the extended deposition since, as discussed in Provident's opening memorandum, Provident is not taking the deposition of one of the Locastros other expert witnesses to make up for the extension of Mr. Caliri's deposition.

report, the basis of which consists of over 6,000 documents. Fourteen hours is hardly excessive considering the broad scope of these allegations. Indeed, far more (not less) could easily be justified.

## CONCLUSION

For the reasons stated, Defendants' motion to enlarge the number of deposition hours should be granted.

Respectfully submitted,


\_\_\_\_/s/_____
Bryan D. Bolton
Federal Bar No. 02112
Derek B. Yarmis
Federal Bar No. 10892

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for The Paul Revere Life Insurance Company, The Paul Revere Insurance Group, Provident Life and Accident Insurance Company, Provident Companies, Inc., and UnumProvident Corporation

Dated:        September 10, 2003

20014.015:66964

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 10th day of September, 2003, a copy of the foregoing Memorandum was filed electronically, in the United States District Court for the District of Maryland and that a copy of the motion was mailed, first class, postage prepaid, to any person entitled to service not served as a result of said electronic filing.

/s/
Bryan D. Bolton

20014.015:66964