IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ROBERT A. LOCASTRO, D.O., ET AL.** :

    **Plaintiffs** :

        vs.                    :    CIVIL ACTION NO. WMN-02-781

**PAUL REVERE INSURANCE** :
**COMPANY, ET AL.**
                              :

    **Defendants**
                              :   :   :   :

**<u>ORDER</u>**

On September 11, 2003, during a telephone conference addressing discovery matters, counsel for the Defendant noted that a report prepared by an expert physician engaged by the Defendant had been provided by the expert to counsel for the Plaintiff, without the permission of counsel for the Defendant. The report apparently summarizes the expert's findings after having examined the Plaintiff in what was, effectively, a Rule 35(a) examination.

Counsel for the Defendant requested that the Court order counsel for the Plaintiff to return the inadvertently produced report and enter appropriate further orders restricting counsel for the Plaintiff from using or benefitting from the content of the report.

In an hearing conducted this date, counsel for the Defendant has candidly acknowledged that, pursuant to Rule 35, at some point this report would have been produced to the Plaintiff, even though the Defendant now contends that the expert in question, a Dr. Grant, is merely a consulting expert for the defense side and not a testifying expert. In light of this candid concession by the defense, which comports

with the Court's understanding of the law, the seriousness of this issue diminishes. The defense has been prejudiced, if at all, only by the timing of the production, not by the fact of production, which would have occurred at some point regardless.

As the Court explained on the record, this is not the sort of error that is so dire in its consequences as to warrant the sort of extraordinary orders the Defendant now seeks. The minimal prejudice to the Defendant, flowing from a mistake made by its expert, does not justify the relief sought.

Wherefore, the Defendant's oral motion requesting that the Plaintiff be required to return the report of Dr. Grant and otherwise not make use of it is DENIED.

Dated this 16th day of September, 2003.

BY THE COURT:

/s/
_____
James K. Bredar
United States Magistrate Judge